# AIRLINE MOTOR COACHES, Inc., et al. v. CLEVELAND.

## No. 4409.

Court of Civil Appeals of Texas. Beaumont.

Jan. 16, 1947.

Rehearing Denied Feb. 12, 1947.

848

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellants.

Alto V. Watson and Charles S. Pipkin, both of Beaumont, for appellee.

COE, Chief Justice.

This suit was instituted by Steve Cleveland, appellee, seeking to recover damages against Airline Motor Coaches, Inc., as the owner of, and W. J. Bolt as the driver of, a certain bus with which Cleveland's car was in collision on January 23, 1945, on U. S. Highway 90 near Vidor, Texas. The case was tried to a jury and upon the jury's verdict the court rendered judgment in favor of Cleveland against the appellants for the sum of $2,335.

After the overruling of their amended motion for a new trial, appellants duly perfected their appeal to this court.

Appellee alleged that Airline Motor Coaches, Inc., was the operator of a bus line between Beaumont and Orange, that on the morning of January 23, 1945, at about 6 o'clock, appellee Cleveland was driving his Ford automobile in an easterly direction along highway 90 between Beaumont and Vidor and that as he came to a point on said highway near the town of Vidor a large bus owned by the appellant, Airline Motor Coaches, Inc., and driven by its employee W. J. Bolt, was suddenly and without warning driven from the side of the highway out onto the main traveled portion thereof and into the path of the appellee, causing appellee to strike the rear end of said bus with force and violence. Numerous acts of negligence were charged against the driver of the defendant motor company's bus, including the failure to display proper lights, to sound the horn to give warning as he drove his bus onto the highway, and failing to keep a proper lookout, all of which acts of negligence were alleged to be the proximate causes of the collision. Various injuries were alleged, as well as expenses, and appellee prayed for judgment for $10,500.

The appellants answered by general denial, and specially plead that on or about January 23, 1945, the bus of the defendant, Airline Motor Coaches, Inc., was being used to transport war workers from Beaumont to Orange, and was thus being engaged at the time of the accident in question. That the driver of the bus, early in the morning of January 23, 1945, was on his way from Beaumont to Orange, Texas, and stopped to pick up some passengers. The operator of the bus had pulled off of the highway onto the shoulder, had picked up his passengers, closed the door, started his bus up, and had gotten out on the main portion of the highway and had gone some little distance at the time his bus was run into in the rear by the plaintiff. That at the time of the accident and prior to the accident, there were burning on the said bus tail lights as signals to anyone approaching from the rear of the presence of said bus, and there were also burning on the bus lights inside of the bus, and also the headlights of the bus were burning. That the plaintiff was also traveling eastward at an excessive rate of speed under the circumstances then existing, and was not keeping a proper lookout and drove on eastward on said highway without turning to the right or to the left or slowing down the speed of his car or watching where he was driving and crashed into the back of the bus of defendant Airline Motor Coaches, Inc. That the plaintiff was negligent on the occasion in question and each act and omission of negligence was a proximate cause of the collision in question. Following this allegation, appellants charged the appellee with various specific acts of negligence, including an allegation that appellee was negligent in failing to honk his horn, which was a proximate cause of the collision. The jury found that the accident occurred more than one-half hour before sunrise; that the defendants' bus failed to carry a lighted lamp visible for a distance of five hundred feet to the rear, which was a proximate cause of the accident; that the defendants' bus was operated without displaying sufficient lights to warn other motorists of the presence of the bus on the

highway, which was negligence and a proximate cause of the collision; that the driver of defendants' bus drove said bus onto the main traveled portion of the highway without giving any warning of his intention to do so immediately prior to the collision, which was negligence and a proximate cause of the collision; and that the driver of the bus failed to keep a proper lookout immediately prior to the collision, which negligence was a proximate cause of the collision. The jury further found that the accident was not an unavoidable one; that plaintiff Cleveland failed to slow down his car, which was not negligence; that he did not drive at an excessive rate of speed; that he did not fail to have his car under proper control; that he did not fail to keep a proper lookout; that he did not fail to turn his car to the left; that he was not driving at such a rate of speed that he could not stop within the distance made clear on the highway by his lights; and that he was blinded by the lights of the vehicle coming towards him, but that this was not a new and intervening cause of the collision.

Appellants predicate this appeal on 5 points, the first 3 of which complain of the refusal of the trial court to submit to the jury appellants' requested issues 10, 11 and 12, inquiring of the jury as to whether or not the plaintiff Cleveland failed to honk his horn on the occasion in question; whether such failure was negligence and, if so, whether such negligence was a proximate cause of the collision. The evidence on the trial of the cause shows that the bus in question was owned and operated by the appellant Airline Motor Coaches, Inc., and on the occasion in question was being driven by the appellant W. J. Bolt, that said bus was being used to transport workers from Beaumont to Orange and was thus engaged at the time of the accident in question, that the driver of the bus early in the morning of Januray 23, 1945, was on his way from Beaumont to Orange, Texas, and stopped to pick up some passengers. The operator of the bus pulled partially off of the highway onto the shoulder, picked up his passengers, closed the door, started his bus and had proceeded down the highway some 50 or 60 feet at the time his bus

was run into in the rear by the appellee. The appellee was the only witness as to how the accident occurred. His testimony was to the effect that on the date in question he was driving on the Beaumont-Orange highway near Vidor, Texas, headed toward Orange at a speed of about 25 miles per hour, that there was a little fog, that he could see tail lights on automobiles 150 or 200 feet down the road; at the time his car was equipped with good brakes, sealbeam lights and a good horn, that as he approached the point of collision he was meeting a car with bright lights which to some extent interfered with his vision; that he did not see any lights on the back end of the bus, and that he did not see the bus until he was within some 15 feet of it; that he was then driving at approximately 25 miles per hour and that he collided with the back end of the bus before he had time to make any effort to prevent it. There was some dispute in the evidence as to the amount of fog upon the road on the occasion in question.

Appellee admitted that he did not blow or honk the horn of his car on the occasion in question. The appellants contend that the evidence is amply sufficient to raise an issue of fact and to require the court to submit issues to the jury as to whether or not appellee was guilty of negligence in failing to honk his horn, whether such failure was negligence and whether such negligence was a proximate cause of the collision in question. They contend that this is especially true in view of the fact that the court submitted to the jury issues 9, 10, and 11, inquiring as to whether the driver of the bus drove said bus onto the main traveled portion of the highway without giving any warning of his intention so to do; whether or not such act was negligence and a proximate cause of the collision, and the jury found in favor of appellee on such issues. We are unable to agree with appellants in their contention. We are unable to see how the evidence raised requested issues 10, 11 and 12. While appellee admitted he did not honk his horn immediately before the collision in question and while the evidence might possibly raise the issue of his failure so to do was negligence, under the evidence as

we view it this act could not have been a proximate cause of the collision as the evidence fails to suggest anything that could have been done under the circumstances to avoid the collision had appellee honked his horn. The undisputed evidence discloses that at the point of collision the shoulders of the highway were very narrow, being only some 4 or 5 feet wide and that it was impossible to get the bus entirely off the highway when it was brought to a stop and that at the time of the collision the right hand wheels of the bus were then off the paved portion of the highway. There is no evidence to indicate that had appellee honked his horn that appellants' driver would have been able to change the course of his bus, nor to have done any other act which would have avoided the collision in question.

The fact that the court submitted special issues 9, 10 and 11, above referred to, and the further fact that the jury made favorable findings for the appellee to such issues, adds nothing to appellants' contention for the reason that, as we view the evidence in this case, there is no evidence to support the finding of the jury that the failure of the driver of the bus to give a signal that he was about to drive his bus onto the main traveled portion of the highway was a proximate cause of the collision. The appellee's testimony, which is all the testimony as to how the accident occurred, refutes the idea that had the driver of the bus given a signal that he was about to drive his bus upon the main traveled portion of the highway, he would have been able to see the same and thereby avoid the collision, his testimony being that he did not and could not see the bus until he was within 15 feet of it. This being all the evidence on the question, there was nothing other than pure speculation on the part of the jury to warrant a finding that the failure of the driver of the bus to give a signal of his intention to turn upon the highway was a proximate cause of the collision in question. It seems to go beyond reason to say that if the appellee was unable to see the bus itself that he would have been able to observe any signal which might have been given by the driver with reference to his intended operation of the bus. For the foregoing reasons, appellants' points 1, 2 and 3 are overruled.

By points 4 and 5, appellants complain of the action of the trial court in overruling its motion for a new trial, based on the alleged misconduct of the jury. In as much as evidence was heard on these complaints, which was conflicting as to whether or not the jury was guilty of misconduct as alleged, and the trial court having specifically found that the alleged misconduct of the jury did not occur, and there being ample evidence in the record to support such finding, and the finding of the trial court supported by sufficient evidence being binding on this court, appellants' points 4 and 5 are overruled without further discussion. Rule 327, Texas Rules of Civil Procedure; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Stotts v. Love, Tex.Civ.App., 184 S.W.2d 308; Bauguss v. Bauguss, Tex.Civ.App., 186 S.W.2d 384.

Finding no error in the record requiring a reversal of this case, the judgment of the trial court is affirmed.