## HIX et al. v. WIRT.
### No. 2853.

Court of Civil Appeals of Texas. Waco.
April 28, 1949.

Rehearing Denied May 26, 1949.

Strasburger, Price, Holland, Kelton & Miller, Dallas, B. Jay Jackson, Granbury, for appellants.

Gean B. Turner, Heber Henry, Cleburne, E. T. Adams, Glen Rose, Scott, Wilson & Cureton, Waco, for appellee.

HALE, Justice.

Appellee sued appellants, O. N. Hix and T. L. Gay, for damages on account of personal injuries resulting from an automobile collision which occurred on the afternoon of February 12, 1947. At the time of the collision appellee was operating a pick-up truck along U. S. Highway No. 67 in the town of Glen Rose, Texas, while Gay, an employee of Hix, was operating a transport gasoline truck in the opposite direction. The crash occurred on a curve in the highway.

The case was tried before a jury. The evidence adduced upon the trial in regard to the alleged negligence of the respective parties was voluminous and conflicting. The testimony of the eleven witnesses who testified on behalf of appellee tended to show that the collision was caused solely by the negligent acts and omissions of Gay. On the other hand, the testimony of the eleven witnesses on behalf of appellants tended to exonerate Gay of any negligence and to show that the collision resulted solely from the carelessness of appellee.

Upon the conclusion of the evidence the case was submitted to the jury on thirty special issues. In response thereto the jury found in substance that Gay was negligent at the time and place in question in each of the five separate particulars submitted, each being a proximate cause of the collision, viz: he was operating the gasoline truck at an excessive rate of speed, on his left side of the highway, and he failed to keep a proper lookout or to apply the brakes on his truck or to steer the same to the right; that appellee was not negligent in any of the six particulars submitted; that the collision was not the result of an unavoidable accident; and that $20,000.00 was the amount of appellee's compensatory damages. The court rendered judgment in favor of appellee and against appellants for the amount of the found damages.

Appellants predicate their appeal upon three points of error. They say the trial court erred (1) in permitting appellee's witness, Crabtree, to testify that he did not know anything about any marks in the highway like those testified to by two State highway patrolmen who made an investigation at the scene of the collision; (2) in permitting counsel for appellee to argue to the jury in effect that if the two State highway patrolmen actually found the marks in the highway as testified to by them, they should have told "some of the folks about it or some of the boys around there"; and (3) in refusing to grant them a new trial because of the jury's misconduct in discussing the fact that the gasoline truck was covered by liability insurance.

The witnesses Ellison and Robertson were introduced by appellants. Each testified in substance that they were State highway patrolmen; that they were notified at Stephenville of the accident and proceeded to Glen Rose for the purpose of making an investigation, arriving at the scene of the wreck after dark; and that, with the aid of flashlights, they observed the pick-up truck, the gasoline truck, the position and condition of each, and certain marks on the pavement of the highway which they assumed had been made by the collision. In making their investigation they also assumed that neither truck as they found them had been moved after coming to rest in the collision. They identified six photographs which were taken during the latter part of July in 1947 and pointed out on some of these photographs what they regarded as the marks which they had observed on the pavement the night after the collision had occurred. They also described the marks which they had observed on the pavement in relation to the position in which they found each vehicle, such description indicating that the collision had occurred on Gay's side of the highway. No other witness testified to the existence of such marks. Other witnesses introduced on behalf of appellee testified in effect that they had observed the position and condition of each vehicle immediately after the collision and had looked for marks which might have been made on the pavement by the collision but had found none that could be so identified.

The witness Crabtree was introduced by appellee after Ellison and Robertson had testified on behalf of appellants. He testified that he was at his place of business about 200 feet from the collision when he heard the impact; that he went immediately to the scene and saw Gay move the gasoline truck 25 or 30 feet after the two vehicles had come to rest; and that he examined the highway for markings made by the collision but found no such marks as indicated in the photographs identified by the State highway patrolmen. Crabtree further testified without objection that he talked with the highway patrolmen upon their arrival at the scene, accompanied them throughout the time they were making their survey and talked with them again after they had completed their investigation. The record discloses that counsel for appellee propounded to the witness in the course of his direct examination the following question: "Did those highway men show you any of these marks that are identified on these pictures here and claim they had found those marks?" Without any objection on the part of appellants the witness answered: "They did not." After the question had been thus answered, counsel for appellants stated: "That is irrelevant and immaterial whether they showed him or not, as to any issue in this case between the parties." The court sustained the objection so made but did not expressly withdraw the evidence thus adduced or instruct the jury not to consider the same and no motion or request was made by counsel for appellants that the court do so. Thereafter, counsel for appellee propounded to this witness the following question: "Did you know anything about any marks like that being found by them down there?" To this question the witness answered "No". Counsel for appellant then stated: "That is the same thing in another way, it calls for a conclusion of this witness in the record." The court overruled this objection and counsel for appellants excepted.

■ Under the record before us we cannot say the trial court committed reversible error in permitting the witness Crabtree to testify as he did. Not only did appellants fail to interpose any objection to either of the questions propounded to the witness until after each had been answered, but the record does not disclose or indicate any valid reason why no objection was made before each question was answered. As a general rule, a party may not properly raise a point on appeal concerning the admission of evidence in the trial court unless objection was timely made thereto in the court below. It has also been held that if a question asked a witness is so framed as to apprise opposing counsel of the nature of the answer attempted to be elicited, an objection comes too late when not made until after the witness has answered the question. Glens Falls Ins. Co. v. Melott, Tex.Civ.App., 174 S.W. 700, pt. 2; Panhandle & S. F. Ry. Co. v. Vaughn, Tex.Civ.App., 191 S.W. 142, pt. 3 and authorities; Texas Elec. Ry. v. Worthy, Tex.Civ.App., 250 S.W. 710, pt. 6, er. dis. In the case of St. Louis & S. F. Railway Co. v. Duke, 8 Cir., 192 F. 306, 309, 112 C.C.A. 567, the court said: "This practice of permitting a question to be answered without objection, and, if perchance the answer be unfavorable, to then object to both question and answer, is not proper or fair practice. It permits a party to speculate on the chances of a favorable answer before committing himself against the question."

■ But if appellants had timely objected to each of the questions propounded to the witness Crabtree on the grounds here involved, or if they had seasonably requested the court on such grounds to withdraw his testimony after the same had been admitted, and if the court had overruled such objections or had denied such request, we do not think his rulings in that regard would have been erroneous. Each of the questions was reasonably calculated to elicit information based upon the personal knowledge of the witness and hence they did not call for a conclusion or opinion on his part. Furthermore, it is our view that the evidence thus adduced was relevant and material to one or more of the controlling issues in the case, in that it tended to prove the existence of circumstances which in the sound discretion

of the jury might reasonably affect the credibility of the highway patrolmen as witnesses and the weight to be given to their testimony concerning the markings in the highway about which they had testified. Wigmore on Evidence, Vol. III, p. 733, Sec. 1042, in dealing with testimonial impeachment by way of self-contradiction, announces this rule: "A failure to assert a fact, when it would have been natural to assert it, amounts in effect to an assertion of the non-existence of the fact. This is conceded as a general principle of Evidence." This rule has been applied and followed by the Texas courts in cases where the circumstances were in many respects similar to those existing in the case now before us. Gulf C. & S. F. Ry. Co. v. Matthews, 100 Tex. 63, 93 S.W. 1068; Ft. Worth & D. C. Ry. Co. v. Yantis, Tex.Civ. App., 185 S.W. 969, er. ref. Therefore, we overrule appellants' first point of error.

In the course of his argument to the jury one of the attorneys for appellee, while discussing the testimony of Ellison and Robertson, stated in effect that these witnesses were confused because the gasoline truck had been moved after the collision and before they had arrived at the scene; that the photographs in evidence were not convincing proof of the highway markings to which these witnesses had testified because the photographs were made six months after the collision had occurred; and that there were no such markings in the highway at the time when these witnesses made their original investigation. Continuing, the counsel stated: "Crabtree says there wasn't. If that was so, why didn't the highway boys tell some of the folks about it or some of the boys around there?" Thereupon, counsel for appellants stated: "We object to that, Your Honor, that is not in the evidence." The court overruled the objection and counsel for appellants excepted.

■ Since appellants did not request the trial court by motion or otherwise to strike any part of the testimony given by the witness Crabtree, all of his testimony remained in the record for the consideration of the jury. S. H. Kress & Co. v. Brashier, Tex.

Civ.App., 50 S.W.2d 922, pt. 7; Pure Foods Products v. Gibson, Tex.Civ.App., 118 S.W. 2d 925, pt. 2, er. dis.; Lindquist v. Sanford, Tex.Civ.App., 132 S.W.2d 279, pt. 10, er. dis.; Employers Mut. Liab. Ins. Co. v. Norman, Tex.Civ.App., 201 S.W.2d 620, pt. 3. In our opinion the testimony of this witness afforded a proper basis for the argument of which complaint is made. Consequently, we overrule appellants' second point of error.

Upon the hearing of appellants' Motion for New Trial, the juror Forsythe testified that during the deliberations of the jury he asked whether the gasoline truck was covered by insurance and the foreman, Shores, replied in substance: "It is covered with plenty of insurance and the insurance company will pay off the damages we fix. I have owned trucks and have been in the trucking business and I know what I am talking about. I am in favor of $50,000.00 and the insurance company will pay off." The testimony of Forsythe was uncorroborated by any other juror. Shores specifically denied having made any such statement. He testified that Forsythe did not ask any question about insurance and if any such question was asked by anyone in the jury room, he did not hear it. The juror Reeves testified that the question of insurance was not mentioned or discussed in the jury room. Other jurors testified to the same effect.

■ Under the conflicting evidence of the eight jurors who testified upon the hearing of the Motion for New Trial, an issue of fact was clearly raised as to whether the subject of insurance was discussed in the jury room. We must assume that the trial court, by overruling the motion, found against the contentions of appellants on that issue. Since this court cannot say as a matter of law that the alleged misconduct of the jury actually occurred, it is our duty to overrule appellants' third point of error. Bradley v. T. & P. Ry. Co., Tex.Com.App., 1 S.W.2d 861; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Price v. Briscoe, 141 Tex. 159, 170 S.W.2d 729; Blaugrund v. Gish, 142 Tex. 379, 179 S.W.2d 266; Snow v. Harding, Tex.Civ.

534

App., 180 S.W.2d 965, er. ref. w. m.; Airline Motor Coaches v. Cleveland, Tex.Civ. App., 199 S.W.2d 847, er. ref. n. r. e.; Dallas Ry. & Terminal Co. v. Bishop, Tex. Civ.App., 203 S.W.2d 651, er. ref. n. r. e.

Accordingly, the judgment appealed from is affirmed.