**559**

FIDELITY CASUALTY COMPANY OF
NEW YORK, Appellant,

v.

H. M. BRALEY, Appellee.

No. 7253.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 31, 1961.

Rehearing Denied Feb. 21, 1961.

Atchley, Russell & Hutchinson, Texarkana, for appellant.

Harkness & Friedman, Texarkana, for appellee.

DAVIS, Justice.

The opinion heretofore handed down in this case on September 20, 1960, is set aside and this opinion is filed in lieu thereof.

This is a workmen's compensation case. Plaintiff-appellee, H. M. Braley, sued defendant-appellant, The Fidelity Casualty Company of New York, for compensation as a result of an injury he received while working for Southwestern Homes, Inc. Appellee alleged that said injury had resulted in his total and permanent disability to perform the usual tasks of a carpenter.

The case was tried to a jury and resulted in a judgment in favor of appellee for 78 weeks of total and permanent disability,. and a further finding that appellee had suffered partial permanent incapacity.

Appellant has perfected its appeal, and brings forward four points of error.

█ By its first point, appellant takes' the position that it was error for the court· to even submit Special Issue No. 9 which inquired as to the percentage of the appellee's partial incapacity. To this issue, the jury answered "75%". It argues that since the amendment of Art. 8306, Sec. 11, Vernon's Ann.Civ.St., that such issue should not be submitted. By Issue No. 11 the court inquired as to the average weekly wage earning capacity of the appellee after the injury. The jury answered "$20.00". Before the trial began, it was stipulated that the average weekly income of the appellee was $67.50. (The jury did not know about the stipulation.) Upon trial of the case, appellant testified that he was making $2 per hour and $80 per week. Therefore, the answer of the jury to Issues No. 9 and No. 11 conformed to the testimony. Even though Issue No. 9 should not have been submitted, it actually became an immaterial issue, and the trial court did not exceed his authority in sustaining the motion of the appellee to disregard the issue. Traders & General Ins. Co. v. Vaughn, Tex.Civ.App., 317 S.W.2d 800, wr. ref.,

n. r. e. In 41–B Tex.Juris, 819, Sec. 591, we find the following:

"* * * While it is said that the judge has no power to override the verdict and to render a judgment contrary thereto upon any issue in the case, this rule does not apply where the issues considered are immaterial or irrelevant. * * *"

See, also, Traders & General Ins. Co. v. Heath, Tex.Civ.App., 197 S.W.2d 130, w. r., n. r. e. Although the submission of Special Issue No. 9 was not necessary to a decision in the case, such submission of the issue did not materially damage the appellant. The trial court could properly grant a motion to disregard the same. Rule 434, Vernon's Ann.Texas Rules of Civil Procedure. The point is overruled.

By its point 2, the appellant complains of the submissions of Special Issue No. 9 over its objection. What we have said under point 1 takes care of this point. It is overruled.

By its point 3, the appellant complains of the error of the jury in answering Special Issues No. 9 and No. 11, and jury finding on each of them is so contrary to the overwhelming weight and preponderance of the evidence, and is clearly wrong. We have to look to the decision in Ex parte King's Estate, 150 Tex. 662, 244 S.W.2d 660, from the standpoint of all the evidence in such case. If there is sufficient evidence to support the jury finding, it must be affirmed. The evidence being sufficient in this case, the point is overruled.

By its 4th point, appellant complains of the action of the trial court in permitting Dr. Harrison to testify as to the extent of plaintiff's disability because it was based upon what another Doctor had told the witness and was hearsay. It was the attorney for appellant that questioned Dr. Harrison about such disability and secured the answers from him on the questions. After Dr. Harrison had been excused and left the courtroom, another witness had been called, was when the appellant objected to his testimony. The court did not permit the witness to so testify over the objections of the appellant. He merely refused to sustain a belated objection to such testimony. Campbell v. La Due, Tex.Civ.App., 273 S.W.2d 450, n. w. h.; Hix v. Wirt, Tex.Civ.App., 220 S.W.2d 530, er. ref., n. r. e. The point is overruled.

There being no error in the record, judgment of the trial court is affirmed.