## ST. LOUIS, B. & M. RY. CO. v. PRICE.* (No. 6792.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 11, 1922. Rehearing Denied Nov. 8, 1922.)

1. Railroads &⟶312(6)—Crossing signals required.

The law requires railroad companies to sound a whistle and ring a bell in approaching public highways, no matter how intensely rural the location may be.

2. Railroads &⟶344(6)—Allegations held proper to intensify negligence in failing to give signals.

In an action for damages from a collision between an automobile and a car pushed by a locomotive without signal of its approach to a crossing, allegations concerning equipment, speed of train, and lack of railroad employé to give warning were proper to intensify the negligence in failing to give the statutory signals.

3. Damages &⟶145—Pleading &⟶21—Plea of temporary incapacity for work and of permanent injuries decreasing earning capacity held not inconsistent, nor attempt to recover double damages.

A plea that plaintiff was incapacitated for work for 6 months after the injury, and that

his arm was so permanently injured as to decrease his earning capacity, is not inconsistent, nor an attempt to recover double damages.

**4. Witnesses ☞405(1)—Railroad's witnesses showing whistle was blown at crossing may be contradicted, though credibility is affected.**

Plaintiff, injured in a crossing accident, may contradict the railroad's witnesses showing the whistle was blown, notwithstanding this affected credibility, since the contradiction went to a material fact.

**5. Witnesses ☞409—Where contradicted upon material matter, jury may deem contradiction affects credibility on all testimony.**

Where witnesses are contradicted upon a material matter, the jury may deem the contradiction affects credibility on all their testimony.

**6. Damages ☞174(1)—Market value of automobile admissible as prima facie evidence of damages.**

Plaintiff may show market value of his automobile before and after a collision, since market value is admissible as prima facie evidence of damage.

**7. Railroads ☞345(3)—Evidence of dust storm at time of accident to traveler held admissible, though not pleaded.**

Plaintiff's testimony, though not pleaded, that the wind created a heavy cloud of dust at the time his automobile was struck by a car pushed without signal of its approach to a crossing, was admissible against defendant to show added obligation to give signal, and also to disprove contributory negligence charged.

**8. Appeal and error ☞1001(1)—Verdict sustained by evidence conclusive.**

Finding of jury as to contributory negligence, sustained by evidence, will not be reversed on appeal.

**9. Judgment ☞248—Damages not pleaded or proved not recoverable.**

There was no basis for finding that plaintiff's spine and right arm were injured in a certain sum where such injuries were claimed in neither pleadings nor evidence.

**10. Damages ☞188(2)—Automobile values before accident and afterwards sustain damages for difference between these amounts.**

Evidence of a witness of automobile's value before accident, and of owner showing market value afterwards, justifies finding damages in difference between these amounts.

**11. Railroads ☞324(3)—Damages for collision with automobile recoverable though operated without license.**

That one has no license to operate an automobile struck by a car pushed over a crossing without signal does not make him a trespasser to whom the railroad was not liable unless his peril was discovered in time to have prevented the collision, as the want of license did not contribute to the injury.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Action by C. E. Price against the St. Louis, Brownsville & Mexico Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed on condition of remittitur.

Graham, Jones, Williams & Ransome, of Brownsville, for appellant.

Canales, Davenport & West, of Brownsville, for appellee.

FLY, C. J. Appellee filed this action against appellant to recover damages to his person and to his automobile through a collision between the automobile and a car operated by appellant. It was alleged that on or about September 6, 1920, appellee drove his new Cadillac automobile on the crossing of the railway by a public road, and was struck by a baggage car, which was pushed by a locomotive against his automobile, destroying it, and seriously and permanently injuring appellee. Appellant filed general and special exceptions and a general denial, and pleaded contributory negligence, in that appellee ran upon the track at an illegal speed, not using any care to discover approaching trains. The cause was submitted to a jury on 27 special issues, and on the answers thereto judgment was rendered in favor of appellee for $2,175. The cause is before this court on assignments of 32 errors.

The evidence showed that appellee, without being guilty of contributory negligence, attempted in an automobile to cross the railroad at a public crossing, and was negligently struck by a baggage car, being pushed by a locomotive of appellant, no signal being given of its approach to any one on the crossing. Appellee was injured in his person in the sum of $300, and the automobile in the sum of $1,675, as found by the jury.

[1, 2] The first, second, third, fourth, and fifth assignments of error assail the action of the court in overruling exceptions to the pleadings of appellee. The first and second assignments of error are abandoned by appellant, and the third, fourth, and fifth are overruled. The law requires railroad companies to sound a whistle and ring a bell in approaching public highways, no matter how intensely rural the location may be. The allegations that air hose was not attached, and that the train was backed at a high rate of speed, and that no employé was at the crossing to warn parties approaching the danger, were proper to intensify the negligence in failing to give the statutory signals.

[3] There was no inconsistency nor any attempt to recover double damages by a plea that appellee was incapacitated for work for six months after the injury, and that his arm was so permanently injured as to decrease the earning capacity of appellee.

[4, 5] Appellant insists that the evidence of

its employés that a whistle was blown on approaching the crossing should not have been contradicted by appellee, because it affected the credibility of such employés, and tended to impeach them on an immaterial matter. Failing to ring a bell or blow a whistle when a train is approaching a public crossing is very material in a case of collision, and appellee had the right to impeach appellant's witnesses on that subject. If the witnesses were contradicted on a material matter, the jury were authorized to deem such contradictions as going to their credibility on all their testimony.

[6] The court did not err in permitting appellant to testify to the value of his car before and after the collision. He claimed to know the market value of the automobile, and that is held to be prima facie sufficient. It may be that a cross-examination might destroy that prima facie sufficiency, but that would not destroy the admissibility, but the force, of the testimony. Chamberlayne, Mod. Ev. § 2099e; Railway v. Charwaine, 30 Tex. Civ. App. 633, 71 S. W. 402.

[7] Appellee testified that the wind was blowing, and that created a heavy cloud of dust at the time of the collision, and this was objected to because it was calculated "to create in the mind of the jury a false issue." How it would create a false issue does not appear. No objection was made that the petition did not allege that it was very dusty, although appellant seeks to raise that point in its brief. The evidence was admissible to show that the appellant was under added obligation to give a signal when propelling its cars across a public crossing in a dust storm. Appellee was under no obligation to plead his testimony as to the dust or as to seeing cars standing on the track, which was not unusual at that point. The objections to the testimony are overruled. Appellant had charged appellee with contributing to his injury, and he was authorized to introduce evidence tending to show that he had not so contributed, whether he had pleaded it or not.

The seventh and eighth propositions are overruled. The evidence was ample to show that no signal was given by appellant on approaching the crossing, and the jury did not err in so finding.

[8] The ninth and tenth propositions are attacks upon the evidence, and are overruled. Contributory negligence is usually a question of fact, and that fact has been decided by the jury against appellant, and there is evidence to support their finding. The matter as to market value of the car after the accident has been fully considered under other propositions, and decided against appellant.

[9] The jury found that the spine and right arm of appellee were injured in the sum of $100 each, but appellee did not claim in his pleadings or evidence that his spine and right arm were injured, and, of course, there is no basis for that part of the judgment.

[10] Everson, a witness for appellant swore that a secondhand automobile like that of appellee had a value of $2,175, and appellee testified that the market value of the automobile after the wreck was $500. The jury evidently accepted appellant's testimony as to the value before the wreck and appellee's testimony as to the value after the wreck, and, deducting the latter sum from the former, found that it cost $1,675 to repair the car and give it the value it had before the accident. The evidence would justify the verdict in that particular.

[11] The evidence showed that appellee had no license from the state to operate an automobile, and it is the contention of appellant that it could not be held liable for destroying his property and injuring his person, unless, as in the case of any trespasser, it discovered his peril in time to have prevented the collision. We cannot sustain such a theory. The failure to have the license did not in any manner contribute to the collision, unless we apply the far-fetched rule that, if he had not violated the law, he would not have been in the automobile, and consequently could not have driven on the crossing, and consequently would not have been struck. The act of appellee in failing to get a license did not in any manner 'contribute to the collision.

All of the assignments of error, except as to the injuries to spine and right arm, are overruled, and, if appellee will within 10 days remit the sum of $200 the judgment will be affirmed; otherwise it will be reversed, and the cause remanded.