## G. H. MOTLEY ET AL V. E. D. MIELSCH.

No. A-1132. Decided March 19, 1947.
(200 S. W., 2d Series, 622.)

*Vinson, Elkins, Weems & Francis, Tarlton Morrow* and *Nat Friedman,* all of Houston, for petitioners.

The judgment in this case should have been reversed by the Court of Civil Appeals because of the misconduct of the jury in receiving evidence as to the alleged custom of secondhand dealers to charge more than the ceiling price for their cars, and because the petitioners were erroneously placed before the jury as having admittedly charged more than the ceiling price, which fact naturally depreciated their creditability in the minds of the jurors. Sproles v. Long, 140 Texas 494, 168 S. W. (2d) 642; Green v. Hill, 4 Texas 465; Harvey v. Elder, 191 S. W. (2d) 686; Texas Osage Co-op. Royalty Pool v. Cruze, 191 S. W. (2d) 47; 10 Tex. Jur. 98.

*Buckley & Taylor* and *Jno. T. Buckley,* all of Houston, for respondent.

The petitioner having failed to discharge the burden of showing that they were prejudiced by the remark of a juror regarding the custom of secondhand dealers in automobiles in charging more than the ceiling price for their cars, it was not error for the Court of Civil Appeals to refuse to reverse the judgment of the trial court. Scotts v. Love, 184 S. W. (2d) 308; Texas Rules of Civil Procedure 327.

MR. JUSTICE SLATTON delivered the opinion of the Court.

This is an action to recover damages and penalties under U. S. C. A., Title 50, War Appendix, Section 925, Subdivision E.

A jury verdict consisted of special issues upon which the trial court rendered judgment against G. H. Motley and Harry Edwards for the sum of $1,043.75 and attorney's fees of $500.00, together with costs. The trial court's judgment in favor of E. D. Mielsch was affirmed by the Galveston Court of Civil Appeals. (199 S. W. (2d) 552.)

The pleadings and evidence raised the issue, among others, of whether Mielsch paid to Edwards $1,043.75 cash in excess of the OPA ceiling price for the purchase of a secondhand automobile.

The evidence was in direct conflict on the issues submitted to the jury. Moreover, Mielsch, in his pleadings and evidence, asserted the true OPA ceiling price of the automobile which was admittedly sold and purchased was $1,590.00. In fact the ceiling price was $1,656.25. The latter price was conceded by respondent on the hearing of the motion for a new trial.

The evidence offered by Mielsch was to the effect that he, in addition to the check, which amounted to $1,656.25, gave Edwards the sum of $1,043.75 in cash. The amount of the check and the cash aggregated $2,700.00. Mielsch testified that he gave the cash to Edwards. Edwards denied receiving it. Motley also denied receiving the cash. A witness was called by Mielsch who testified that the OPA ceiling price of the model in question was $1,590.00.

Thus it is seen that the issues submitted to the jury were raised by conflicting evidence. If the jury believed the evidence offered by Mielsch, the issues would undoubtedly be answered in his favor. Otherwise, such issues would be determined in favor of Motley and Edwards.

It appears from the special issues that the jury was required to find whether Mielsch paid to either Edwards or Motley the sum of $1,043.75 in cash as an additional amount of money for the purchase price of the automobile; whether the automobile had been purchased for private use; and whether the acceptance of more than $1,590.00 was a willful overcharge or the result of the failure to take practical precautions against the making of the overcharge.

According to the evidence heard on the motion for a new trial, the jury stood in numbers nine to three in favor of affirmative answers to the issues submitted to them. Thereupon it was stated in the jury room while the jury was considering the verdict that "it was customary for secondhand car dealers to charge in excess of the ceiling price." The petitioners were admittedly secondhand car dealers. No evidence was offered of any such custom Most of the jurors heard the discussion of the statement, but all of them testified to having tried the case according to the law and the evidence, or that they were not affected by the statement. That the alleged misconduct occurred seems to appear in the evidence without dispute. Under Rule 327, T. R. C., there remains the question of whether "injury probably resulted to the complaining party." In determining this question, the evidence,

both on the hearing of the motion for a new trial and the evidence taken during the trial, must be considered. Prudential Fire Insurance Co. v. United Gas Corporation, 145 Texas 257, 199 S. W. (2d) 767, Volume 16, Ray's Texas Supt. Ct. Reporter, p. 45.

■ The statements of the jurors that the misconduct did not affect the verdict or that the case was tried according to the law and the evidence are not controlling on the question of probable injury. Sproles Motor Freight Line v. Long, 140 Texas 494, 168 S. W. 642, loc. cit. 643-644. Whether misconduct of the jury occurred is a question of fact to be proven by the complaining party on the hearing of the motion for a new trial, but after the misconduct has been established, then it is a question of law for the trial court, and on appeal the reviewing court, as to whether injury probably resulted to the complaining party. Barrington v. Duncan, 140 Texas 510, 169 S. W. (2d) 462.

■ Whether the sum of $1,043.75 in cash was paid was submitted as one of the controlling issues. The respondent testified that he paid said sum to petitioner Edwards. The petitioners denied receiving the same. The consideration by the jury of the statement to the effect that it was customary for secondhand car dealers to charge in excess of the ceiling price was calculated to balance the weight of the evidence against the petitioners in favor of respondent. The statement was in effect additional evidence in the case. The petitioners were admittedly secondhand car dealers. The additional testimony relating to them was given to the jury at a time when they had no opportunity to object to it, and no opportunity to cross examine the party making the statement. The statement involves criminal conduct under the law of the United States. The respondent contends that the jury has a right to take into consideration matters of common knowledge and the experience of life. The jury has the right, in passing upon evidence, to take into consideration matters of common knowledge and experience in life. Maryland Casualty Co. v. Hearks, 144 Texas 317, 190 S. W. (2d) 62. But a juror has not the right to give his testimony in the jury room of what the custom is of secondhand car dealers with respect to charging in excess of ceiling prices. This type of testimony is in the nature of general reputation and is incompetent to prove a specific charge as made by the pleadings in the present case. This is true, even though the witness is under oath and tendered in open court in the regular course of the trial. This sort of evidence is not within the realm of the juror's right to take into

consideration matters of common knowledge and experience of life. It is in the field of reputation, which is not competent, even though timely and properly offered, to prove a civil or criminal violation of law.

■ A consideration of the entire record in passing upon the question of law of whether there was probable injury or harm to the petitioners which resulted from the misconduct of the jury requires us to mention that the petitioners were placed in the attitude of having admittedly charged more than the ceiling price, which tended to discredit their testimony with the jury. Respondent offered the evidence of a witness who was connected with the Office of Price Administration at Houston, to the effect that the ceiling price of the automobile sold was $1,590.00. This price was averred in respondent's pleading. This amount was contained in Special Issue No. 4. The evidence of petitioners was that the automobile was sold for the sum of $1,656.25, which sum was the true ceiling price. As we have stated, on motion for a new trial it was admitted that the amount charged by petitioners was the true ceiling price; that $1,590.00 was not the true ceiling price; and that the witness of respondent was mistaken in his testimony.

It is apparent that petitioners were placed in the position before the jury of having charged in excess of the ceiling price to the extent of the amount of the difference between $1,590.00 (as testified to by the OPA witness) and the sum of $1,656.25 as was testified to by petitioners). The erroneous testimony of the OPA witness was contrary to the evidence of petitioners. It tended to corroborate the evidence given by respondent. The jury could have reasonably concluded that if petitioners were in error in the correct ceiling price of the automobile, they were also in error as to their denial of receiving the money in cash from the respondent.

A consideration of the record as a whole leads to the conclusion that injury resulted from the misconduct of the jury. Accordingly, the judgment of the lower courts must be reversed and the cause remanded to the district court.

Opinion delivered March 19, 1947.