## MANNING v. SUNSHINE BUS LINES, Inc.

### No. 14872.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 24, 1947.

Wynne & Wynne, of Wills Point, for appellant.

L. F. Sanders, of Canton, and W. H. Barnes, of Terrell, for appellee.

McDONALD, Chief Justice.

Appellant Manning sued Sunshine Bus Lines, Inc., for damages alleged to have been sustained in a collision between a bus owned and operated by defendant and a truck in which plaintiff was riding. Plaintiff charged defendant with several acts of

negligence, of which we need only mention the following, using the numbering found in plaintiff's petition: (f) Attempting to pass the truck in which plaintiff was riding without pulling the bus a sufficient distance to the left to clear the truck. (h) Permitting the bus driver to operate the bus at the time and place of the collision when he had not had sufficient rest or sleep. (j) Requiring the bus driver to be on duty more than ten hours in a twenty-four period. The last act of the defendant was charged as being in violation of the penal laws of Texas. Plaintiff sought actual damages in the sum of $5,100, and, on the allegation that defendant was guilty of gross negligence in wantonly and wilfully requiring the bus driver to be on duty more than ten hours in a twenty-four period, plaintiff sought exemplary damages in the sum of $5,000.

The jury found that the bus driver was guilty of negligence in the respect alleged in paragraph (f), supra, and that such negligence was a proximate cause of the injuries suffered by plaintiff. The jury found that the defendant did not require the bus driver to operate the bus without sufficient rest or sleep at the time and place of the collision, and also found that the defendant did not require the bus driver to be on duty more than ten hours in a twenty-four hour period.

The only issue submitted to the jury on gross negligence inquired whether defendant required the bus driver to be on duty more than ten hours in the twenty-four hour period immediately preceding the collision. The verdict in response to this issue was favorable to defendant.

The actual damages found by the jury were in the sum of $500. Judgment was rendered in favor of plaintiff for this amount. Plaintiff has appealed, relying on two points of error.

The first point charges error in the admission of certain testimony of one of defendant's employees, and the second complains of jury misconduct. In considering both points or error, it is necessary to remember that the jury found the defendant guilty of what we might term ordinary negligence, and that plaintiff was awarded judgment for the actual damages found by the jury. Plaintiff makes no complaint in this court as to the amount of actual damages found by the jury. The jury found the defendant not guilty of some of the acts of negligence charged against it, but those findings are immaterial in view of the finding in plaintiff's favor on one count of negligence, and the judgment rendered for him on that count. Plaintiff's points of error, and his complaints thereunder, are therefore relevant only to his failure to obtain a jury verdict and a judgment on his claim for exemplary damages.

 The bus driver was named Boyd. The employee of defendant who directed Boyd to drive the bus on the occasion in question was named Wisenbaker. Wisenbaker was asked about the conversation he had with Boyd before the latter started on the trip, and was permitted to say that Boyd told him that he had had sufficient rest, and was also permitted to testify that he told Boyd to make the trip in question, and then to take the bus and report to defendant's station at Tyler. Wisenbaker testified that if Boyd had followed these directions he would not have been on duty more than ten hours in a single twenty-four hour period. The trial court admitted the testimony on the question of exemplary damages, and it is clear to us that he was correct in so doing. Although we shall not place our decision on such ground, we perhaps could properly say that there is no evidence of probative value raising the issue of gross negligence, and that the complaints made by plaintiff under his two points of error are therefore immaterial. Up to the time plaintiff rested his case, he offered no proof of anything more than a mere violation of the statute relating to the bus driver being on duty more than ten hours in twenty-four. It is said in Jones v. Ross, 141 Tex. 415, 173 S.W.2d 1022, that exemplary damages cannot be recovered for the mere violation of a statute, whether it be one carrying a criminal penalty or not. The act complained of must not only be unlawful, but must partake of a wanton or malicious nature. The court expressly overruled a contention that exemplary damages would be authorized, as

a matter of law, where there had been an intentional violation of a statute. Defendant placed Wisenbaker on the stand, and questioned him about the events leading up to the dispatch of Boyd on the trip in question, obviously to show that Boyd had not been required to make the trip without having had proper rest and sleep, and that he had not been required to be on duty more than ten hours in any one twenty-four hour period, and that defendant was not guilty of any negligence in the respects charged. Wisenbaker was the only employee or agent of defendant, under the evidence offered in the case, whose acts could have been made the basis of a charge of gross negligence. No other official or agent of the defendant was shown to have had any connection with the matter. If any official or agent of the defendant acted maliciously, or wantonly, it must have been Wisenbaker. On the issue of his malicious or wanton conduct, the defendant had a right to prove what information Wisenbaker had about the driver's hours of duty during the time immediately previous, and whatever the driver may have said to Wisenbaker about being rested, or tired and sleepy, and, in order to refute the charge that defendant had required or permitted Boyd to be on duty more than ten hours in twenty-four, defendant had a right to show that Boyd had been instructed to terminate his driving within the ten hour period by reporting to the station in Tyler, and then resting the required length of time. As is said in 13 Tex.Jur. p. 244: "The defendant may prove any pertinent facts which tend to support his contention that he acted in good faith. He is entitled to show the information on which he acted, whether it may have been true or false."

■ And as said in 25 C.J.S., Damages, § 159: "Evidence on behalf of defendant explaining the circumstances, or tending to show a justification and the absence of gross negligence or malice, is admissible. Thus, defendant or his agent may testify in person as to what his intent was."

It is not claimed that defendant may be held for exemplary damages because of any gross negligence of the bus driver in being on duty more than ten hours in twenty-four. In this connection see Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397, which discusses at great length the rules concerning liability of a corporation for gross negligence of its officers, agents and employees. The first point of error is overruled.

■■ Some of the jurors knew the bus driver, and during their deliberations some of them mentioned that fact and said that he was worthy of belief and told the other jurors that they could rely on what he had said. The foreman testified at the hearing on the motion for new trial that he called the jurors down and told them that that was not the issue, and that they must stay with the charge, and that no more discussion on the subject arose after that. One of the jurors testified at such hearing that he relied on what the other jurors had said about the bus driver.

By virtue of the provisions of Rule 327, Texas Rules of Civil Procedure, and the holdings in such cases as Prudential Fire Insurance Co. v. United Gas Corporation, Tex.Sup., 199 S.W.2d 767, Motley v. Mielsch, Tex.Sup., 200 S.W.2d 622, and Barrington et al. v. Duncan et al., 140 Tex. 510, 169 S.W.2d 462, we will determine from the record as a whole, including the evidence adduced on the trial of the case and also that adduced at the hearing on the motion for new trial, whether the jury misconduct constituted reversible error. The misconduct could not have affected the outcome of the suit for actual damages. The jury found the driver guilty of negligence, so it matters not what the jury may have thought about the driver's testimony in that regard. The bus driver did not testify concerning the extent of plaintiff's injuries, and, as we have said, plaintiff makes no complaint on appeal about the amount of actual damages found by the jury. We have carefully examined all of the driver's testimony, and none of it bears on the question of gross negligence. The most that can be said of it is that it shows that he was on duty more than ten hours during the twenty-four hour period next preceding the collision. The conclusion logically reached is that the misconduct did not alter the outcome of the suit for actual damages and that it did not cause the jury to return a

verdict against plaintiff on the issues pertaining to exemplary damages. The error was harmless. Rule 434.

The judgment of the trial court is affirmed.