## MARTIN   v.   SHELL OIL CO.

No. 4962.

Court of Civil Appeals of Texas.

El Paso.

Oct. 14, 1953.

Rehearing Denied Nov. 11, 1953.

top of the casing and the tubing could be pulled out. Appellant went under the rig and began to loosen one of the Allen screws holding the doughnut in place when the explosion occurred. It was conceded that had the rams been closed no explosion would have resulted. The jury found defendant guilty of negligence in failing to warn appellant that these rams were partly open; in failing to have a line connected to the well so that it could flow with the rams closed; and in not having a gauge on the well. They found appellant guilty of negligence in not checking to see if the rams had been closed; in loosening the Allen screws without knowing whether rams had been fully closed; and that he should have known by the exercise of ordinary care that there was gas pressure against the doughnut. There were other issues of negligence and the jury also found plaintiff was damaged in the sum of $135,000.

■ The first assignment of error complains of the action of the trial court in overruling plaintiff's motion for new trial based on jury misconduct. Testimony of some seven jurors was heard on the motion. It is of course elementary that the statements of jurors as to personal experiences constitute unsworn testimony, and if pertinent to a disputed issue can be such misconduct as will require a new trial. The general rule seems to be that misconduct must be proved, the testimony material, and it must reasonably appear that probable injury resulted to the complaining party.

Rule 327 T.R.C.P.; Crawford v. Detering Co., 150 Tex. 140, 237 S.W.2d 615; Menefee v. Gulf C. & S. F. Ry. Co., Tex.Civ.App., 181 S.W.2d 287; Swaim v. Teasley, Tex.Civ.App., 249 S.W.2d 674.

It becomes necessary therefore to examine the statements of the jurors in the light of the evidence adduced and the issues submitted, and the answers to said issues as found by the jury.

Careful examination of the statements presented by Juror Abernathy indicates

Gallagher, Francis & Bean, Strasburger, Price, Kelton, Martin & Miller, R. H. Brin, Jr., Dallas, for appellant.

Jim C. Langdon, McCamey, Richard L. Hughston, Turpin, Kerr & Smith, Midland, for appellee.

FRASER, Justice.

This case is one for damages for personal injuries and was tried to a jury on special issues.

Appellant was injured by an explosion at around midnight some thirty minutes after he had come to the location of the well. Plaintiff was an employee of Oscar Bourg Drilling Company, which had been engaged to clean out a well for the defendant. The evidence showed that there was considerable gas pressure on this well. There was no gauge. Employees of defendant had only partially closed the rams which were devices used to seal off the gas pressure from the doughnut, a device fastened to the top of the casing. When these rams were completely closed the doughnut could be removed safely from the

that he merely mentioned that Bourg had worked over some wells for his company (Slick-Urschel) and the juror stated that the foreman promptly admonished him and warned him that the jury was not to discuss such things. Abernathy was verified by testimony of another juror. Such information appears to have already been presented to the jury during the trial and in any event seems devoid of any harmful effect, as it contains no further information than the bare fact.

Juror House denied mentioning personal experiences in the jury room, and further stated that on several occasions the foreman Cook stopped jurors promptly who attempted to tell some personal experience, and stated that he did not recall hearing any of the jurors actually tell of personal experiences.

Juror Cook was foreman and admitted that he had stopped several of the jurors from mentioning personal experiences. He further stated that he had made the statement that he would not get around one (a well) without a gauge on it. In connection with this statement it must be noticed that the jury did find that it was negligence for appellee not to have such a gauge on the well, and that such was a proximate cause of the accident, which finding of course favored appellant. However, the jury further found that it was not negligent for appellant to work around a well of this nature with no gauge present. So the remark of the foreman apparently did not influence the jury to consider appellant guilty of contributory negligence on this particular point. It is apparent that the remark of foreman Cook was not of such seriousness as to warrant reversal. The remark seems not to be new information or one of personal experience, but rather a mere opinion of what the juror felt about the matter, and does not necessarily suggest negligence or purport to produce or present information. It was at best a discussion of matters in evidence which jurors have a right to do, even to the extent of differing with opinions of experts. Hudson v. West Central Drilling Co., Tex.Civ.App., 195 S.W.2d 387.

The testimony of jurors Abernathy and House speaks for itself and shows no evidence of misconduct of any degree serious in nature. The testimony of the other four jurors was confined to what they had heard the aforementioned jurors say and was not conclusive, but on the contrary strongly corroborated the statements by the jurors themselves that there was little if any discussion of personal experience. Juror Bean mentioned the action of the foreman in halting such attempts, and further stated that House and Abernathy did not bring any information that had not been testified about.

Juror Comstock testified that there was one attempt to mention a personal experience by Abernathy, but that the foreman cautioned them on that matter and stopped him. Juror Snell also testified that foreman Cook had stopped Abernathy before he could give any details other than that Bourg had cleaned wells for his company. A written statement signed by this juror was introduced, but Snell denied that it was true, and said that it had been misinterpreted, although he signed it, and steadfastly maintained that Abernathy had been stopped as related. One of the attorneys testified that Snell had said the statement was correct when he signed it, but Snell repudiated the written statement on the hearing of the motion and while under oath, so we of course must accept the actual testimony as did the trial judge. The only other alternative would have been to consider the writing as an impeachment of the juror's testimony, which would therefore destroy his testimony entirely. Where the evidence is conflicting as regards misconduct, the trial court's finding is final, and in the absence of findings of fact on the motion for new trial the appellate court must indulge all presumptions in support of the trial judge's holding. Menefee v. Gulf C. & S. F. Ry. Co., supra; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; City of Dallas v. Hutchins, Tex.Civ.App., 226 S.W.2d 155; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462.

. We do not find any error in the action of the trial judge as suggested by the first point, and the same is overruled. Bradley v. Texas & P. R. Co., Tex.Com.App., 1 S. W.2d 861; Houston & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S.W. 606; St. Louis B. & M. R. Co. v. Price, Tex.Civ.App., 244 S.W. 642.

■ Appellant's second point complains of the trial court's refusal to grant a new trial based on jury misconduct in discussing and considering insurance, particularly compensation insurance. Examination of the testimony of the jurors discloses that while several of the jurors recalled mentioning of insurance by some one, they were unanimous in their statements that the foreman had promptly suppressed such, that there was no discussion of insurance, only an attempt or two to mention it. This fact, coupled with the further fact that the jury did find that the appellant had been damaged to the extent of $135,000 makes it clear that the trial judge was well within his discretionary rights in regard to this phase of the motion.

■ It must be kept in mind that it is the plaintiff (appellant) who is complaining of the mention of insurance, not the defendant. Then too it must be noted that the jury found appellant guilty of contributory negligence on three different counts, which barred any recovery by him, and regarding which the mere mention of insurance could have had no meaning or effect. Casual mention of an improper matter followed by prompt rebuke from other jurors will not call for reversal as misconduct. Manning v. Sunshine Bus Lines, Tex.Civ.App., 205 S.W.2d 636; Prudential Fire Ins. Co. v. United Gas Corp., 145 Tex. 257, 199 S.W.2d 767 (Sup. Ct.); Motley v. Mielsch, 145 Tex. 557, 200 S.W.2d 622.

It does not appear that there is sufficient merit in this point to warrant reversal and it is accordingly overruled. Hudson v. West Central Drilling Co., Tex.Civ.App., n.r.e., 195 S.W.2d 387; Watson v. Texas Indemnity Ins. Co., 147 Tex. 40, 210 S.W. 2d 989; Bradley v. Texas & P. Ry. Co.,

supra; Mecom v. De Blanc, Tex.Civ.App., 140 S.W.2d 915; Houston & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S.W. 606.

■ It must of course be borne in mind that jury misconduct does not always result in injury, and if same is doubtful, probable injury must be shown, and in this case the matters mentioned had no bearing on the three items of contributory negligence found against the appellant. The trial judge has considerable latitude in such matters, and only upon clear showing of abuse of his discretion should his decision be reversed. Hudson v. West Central Drilling Co., Tex.Civ.App. n.r.e., 195 S.W.2d 387; Akers v. Epperson, 141 Tex. 189, 171 S.W. 2d 483, 156 A.L.R. 1028; Kiel v. Mahan, Tex.Civ.App. n.r.e., 214 S.W.2d 865; Stewart v. Humble Oil & Refining Co., Tex.Civ.App., n.r.e., 193 S.W.2d 259.

Appellant's third point is based on refusal of the trial court to allow him to file a trial amendment alleging discovered peril.

■ The evidence showed that appellant was under the rig in semi-darkness and that the only employee or agent of defendant was some 100 feet away when appellant began to loosen the Allen screws which immediately resulted in the explosion. It therefore seems impossible that he could have intervened in time to have prevented the accident. This employee Jones testified that he did not know they were being loosened. The testimony shows that the accident was immediate upon appellant's attempt to loosen the Allen screws. There are many authorities to the effect that the peril must have been discovered. Turner v. Texas Co., 138 Tex. 380, 159 S.W.2d 112 and cases cited therein. It is not enough that defendant ought to have discovered it or that he was negligent in not discovering it. While it is likely there was negligence in not having closed the rams, yet the other two elements of discovered peril, namely, the actual discovery of the peril and the failure to have taken preventive measures do not appear to be at all proven. While it is true that trial amendments and their attendant issues should be permitted where at all justified, still there must be some evi-

dence to support them. Such is not the case here. Jones, the employee of defendant, was 100 or more feet away and appellant was in the semi-darkness under the derrick floor and he could not identify the voice that told him to loosen the Allen screw. Jones denied having been the author of any such instruction and stated that he did not know what appellant was doing under the rig. There was no other employee or agent of defendant on hand. There was no evidence then to establish discovered peril. This point is accordingly overruled.

From the evidence on the trial and upon the motion for new trial, and from the record as a whole we conclude that probable injury to appellant from the alleged jury misconduct is not shown. All of appellant's points are accordingly overruled and the judgment of the trial court is affirmed.