Ernest R. KENDALL et al., Appellants,

v.

SOUTHWESTERN PUBLIC SERVICE
COMPANY, A Corporation, Appellee.

No. 6964.

Court of Civil Appeals of Texas.

Amarillo.

May 16, 1960.

Neal & Brown, Amarillo, for appellants.

Stone & Stone, Amarillo, for appellee.

CHAPMAN, Justice.

Southwestern Public Service Company, a private electric power corporation, appellee herein, condemned a 50-foot easement across adjacent property of appellants. Ernest R. Kendall and George Caddell. Condemnor was dissatisfied with the award of the Commissioners and appealed to the County Court at Law of Potter County. The court tried the cases together. From a judgment of $1,148 damages for George Caddell and $1,592 damages for Ernest R. Kendall rendered from jury verdicts in those respective amounts, appellants have

perfected their appeal. In response to a joint motion of the parties the cases were consolidated by our court for purposes of appeal. The appeals are based solely upon jury misconduct. At appellants' request the trial court made findings of fact and conclusions of law.

In their Point 1 appellants urge reversible error of the trial court in overruling their motions for new trial in which it was alleged and further found by the court that during the deliberations of the jury:

"(1) Juror Barnes stated that appellant Kendall had perjured himself;

"(2) Juror Barnes stated that he had been on the land involved;

"(3) Juror Barnes described the lands physical characteristics in considerable detail and explained in detail a topographical amount;

"(4) Jurors Barnes stated that appellant Caddell could reduce his damages by replatting his land;

"(5) Juror Ray stated that she would give free of charge over her land a 50-foot easement as here sought by appellee;

"(6) Juror Barnes was rebuked on several occasions; which admitted testimony and conduct was not before the jury from any source and transcends the bounds of common knowledge, was prejudicial and inflammatory, and the same constituted material misconduct calculated to and which probably resulted and did result in an improper verdict."

Since appellants' Points 2, 3, 4, and 5 also go to the questions of the Juror Barnes making himself an "expert" in the jury room and bringing into the jury room "new evidence" and since appellants briefed the points together we shall discuss them together.

Appellants assert in Points 2 and 3 that the trial court's findings numbers 22, 23

and 24 were so contrary to the overwhelming weight of all the evidence as to be clearly wrong and unjust and are inconsistent with other affirmative findings of the Court. These findings are as follows:

"22. The Juror Barnes did not dominate the deliberations of the jury to the extent that he prevented other jurors taking part in such deliberations.

"23. The jury did not, during its deliberations, receive any material evidence not introduced and admitted during the trial of this cause.

"24. The Juror Barnes did not, during the deliberations of the jury, set himself up as an expert and he did not give any opinion with reference to any issues under consideration by the jury which purported to be that of an expert."

Then in their Point 4 they urge error of the court in finding that Juror Barnes qualified his statement in the jury room of prior condemnation jury services, which they assert disregards uncontradicted and unimpeached testimony and Barnes' admission to the contrary. This point of course has to do with appellants' contention that Barnes set himself up in the jury room as an "expert" and made statements to the jury as such.

In their Point 5 they urge error of the trial court in overruling appellants' motion for new trial because of Barnes' alleged misconduct in arguing to the jury that the plat introduced in evidence was not for the purpose of determining land values. They assert it was introduced without qualification.

In its findings of fact based upon Juror Barnes' statement in the jury room that appellant Kendall had perjured himself in saying he did not know how much land he would have to dedicate for street purposes if he platted his land the trial court found that Barnes based such statement "upon his evaluation of matters admitted in evidence in the trial of this cause and not upon personal knowledge." Barnes' testimony given on the motion for new trial was to the effect that the instrument introduced into evidence shows Kendall did know how much he would have to give for street purposes, that he based his argument in the jury room upon the exhibit introduced of record, on Mr. Kendall's testimony, and on no other personal knowledge. The record indicates it was made in the heat of argument with at least some basis in the evidence for Barnes to argue the witness was not telling the truth.

The juror was a judge of the credibility of the witnesses and had the right under the circumstances to take the position in the jury room that the evidence before them showed Kendall was not telling the truth. Dallas Ry. & Terminal Co. v. Burns, Tex.Civ.App., 60 S.W.2d 801; Dancy et al. v. Peyton et al., Tex.Civ.App., 282 S.W. 819. Though we believe Barnes should have used more aesthetic and intellectual propriety in arguing his point we cannot say the trial court abused its discretion in denying a motion for new trial based upon such statement. The cases cited by appellants have to do with discussions of the veracity of the witnesses based upon matters outside the admitted evidence and thus are not in point in the instant case.

We next turn to the asserted misconduct of Juror Barnes in stating he had been on the land involved and in describing the lands' physical characteristics and explaining in detail a topographical map.

The lands were fully described orally from the witness stand and various plats and photographs were introduced by both appellants and appellee. Barnes testified when he said in the jury room that he was familiar with the property he also stated it had no bearing on any decision he made in the case. Juror Ray testified Barnes did not give any description of the land based

upon his personal inspection of it, that they all discussed it from the evidence they had, but that he did not at any time express his opinion of it. Juror Miller in reply to a question as to whether Barnes elaborated on the topographical map as to its contents and what it actually meant answered: "No, he didn't go into that." In its findings of fact the trial court found Barnes' description of the land was fully supported by uncontroverted evidence admitted in the trial of this case and was not based upon his personal knowledge of the land. Additionally, we fail to see the materiality of the complaints here under discussion because the physical characteristics of the property involved were not subjects of controversy. Our Supreme Court has held that one of the conditions necessary to be shown in order to obtain a new trial upon jury misconduct is that the misconduct complained about is material. Crawford v. Detering Co. et al., 150 Tex. 140, 237 S.W.2d 615, 617. We find no abuse of discretion of the trial court upon the complaint here under discussion.

■ The next error complained of concerns the statement in the jury room by Juror Barnes that appellant Caddell could reduce his damages by replatting his land. The trial court found in its findings of fact that such statement was a fair discussion of the platting of the Caddell tract of land which had been admitted in evidence.

The record shows that appellants offered into evidence a plat of the 54 acres identified as the Caddell property, "for the purpose of showing the adaptability of the land in question for subdivision and platting purposes." Appellee strenuously objected to the introduction for the reason that at the time of the appropriation of the easement across the Caddell land the tract covered by the easement being condemned was a part of a single tract of land owned by one person and because of the value of the easement being condemned and the damages to the remainder of Caddell's single tract, all of which was suitable and adaptable for subdivision purposes was to be determined as of such date as an entirety and not as though the single tract were divided into similar tracts and that to consider it as though it had already been cleared off, improved and laid out on the surface with streets is too uncertain and conjectural to warrant a fair compensation. The court over such objection admitted the plat as respondent's Exhibit 3, "for the sole purpose in your consideration for determination of the use to which the property is adaptable for whatever you, the jury, choose to give it."

Subsequently counsel for appellant introduced their Exhibit No. 8, (which is identical to Exhibit No. 3 except for the Clerk's certificate on Exhibit No. 8,) "for the purpose of showing more completely of record that the area belonging to Mr. Caddell has already been platted." Barnes' testimony on the hearing on the motion for new trial was in effect that the evidence submitted by the plat was considered with respect to what could be done with the land—its adaptability in its entirety—but not for the purpose of determining values and that he did not say anything with reference to the plat that was not based on the evidence in the case. In any event, appellants offered Exhibit 3 "for the purpose of showing the adaptability of the land for subdivision and platting purposes." We find no record evidence as to the values of separate plats. Mr. Neal, attorney for appellants said: "I believe, Your Honor, under the circumstances we had best confine ourselves to the tract as a whole." The trial court found his statements in the jury room constituted a fair discussion of the plat of the Caddell land which had been admitted in evidence and we cannot say from the record that the Court abused its discretion in so finding.

■ The next complaint under Point 1 is that the trial court committed reversible error in failing to grant a new trial because the Juror Ray stated she would give free of charge over her land a 50-foot easement such as that here condemned. The Court

found she made such statement but that she also said in effect that just because she and her husband would do so was no reason for anyone else to do so and that Mrs. Ray agreed Condemnees should receive damages in the suit. The court further found that Mrs. Ray's remarks were not "subject to the implication or inference that the defendant herein was unfair and of disreputable nature or character for asserting his claim to compensation in this condemnation suit." We find no cause from the record to say the trial court abused its discretion in refusing a new trial because of Mrs. Ray's statement complained about.

■ If we understand appellants' contention in Subdivision (6) under Point 1 above it is that because Juror Barnes was rebuked by some of the other jurors such rebukes show he was guilty of reversible misconduct. We cannot follow such reasoning but believe misconduct sufficient to constitute reversible error would have to be shown by what the juror actually said or did and not by rebukes of other jurors.

■ The trial court having found that the complaints just enumerated and discussed actually took place, appellants, under Rule 327, Texas Rules of Civil Procedure, were required to prove, in order to obtain a new trial upon the grounds of jury misconduct, that (a) such misconduct proved, or the testimony received or the communication made was material and (b) that it reasonably appeared from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to them. Crawford v. Detering Co., et al., supra; Barrington et al. v. Duncan et al., 140 Tex. 510, 169 S.W.2d 462. Such proof would have to be made by a preponderance of the evidence. Barrington et al. v. Duncan et al., supra.

■ Where misconduct of the jury upon a material issue has been indisputably established the question of probable injury becomes one of law for the courts. Burkett

et al. v. Slauson, 150 Tex. 69, 237 S.W.2d 253; Scoggins et al. v. Curtiss & Taylor et al., Tex.Civ.App., 219 S.W.2d 451. However, the trial judge's findings on an issue of jury misconduct where such findings were made from conflicting evidence concerning the misconduct is binding on an appellate court. Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62.

■ We have carefully studied this record as a whole, and particularly the testimony on the motion for new trial. After doing so we can not say the trial court's findings Nos. 22, 23 and 24 are so contrary to the overwhelming weight of all the evidence as to be clearly wrong and unjust. The testimony of some of the other jurors conflicts with the testimony of Juror Barnes in some areas and supports his testimony on some of the questions raised. The trial court resolved such conflict in favor of the verdict, which was its prerogative. Texas Employers' Insurance Association v. Layton, Tex.Civ.App., 278 S.W.2d 453; Fisher et al. v. Leach, Tex.Civ.App., 221 S.W.2d 384. Such action is final unless the record as a whole so preponderates to the contrary as to be clearly wrong and unjust. We have just said we believe it does not.

■ We also find no reason to say the trial court abused its discretion in refusing a motion for new trial because Juror Barnes stated in the jury room in the presence of other jurors that he had been called upon eleven other juries in condemnation suits, but had so far been lucky in that he had not been accepted as a juror. Whether he had or had not been accepted is immaterial unless he was setting himself up as an expert condemnation juror and as such gave evidence to the jurors outside the record. The trial court found he did not, based upon any purported expert knowledge, state the procedures to be followed by the jury in arriving at a verdict. We believe what we have already said disposes of Point 5.

■ In Point 6 appellants take the position that a new trial should have been

granted "because it cannot be said beyond a reasonable doubt that all acts taken together did not properly influence the jury." They rely upon Sproles Motor Freight Lines, Inc. et al. v. Long, 140 Tex. 494, 168 S.W.2d 642. The court in that case stated specifically that the case was tried before the effective date of our present Texas Rules of Civil Procedure and the law regarding jury misconduct as it existed prior to the adoption of such rules must be applied. The burden announced in the Sproles case on this question has been changed by the new rules. Rules 327 and 434, Texas Rules of Civil Procedure; Crawford v. Detering Co., supra; Barrington et al. v. Duncan et al., supra.

We are not unmindful of the testimony of the four jurors with respect to asserted misconduct of Jurors Barnes and Ray and their affidavits filed in connection with the motion for new trial. Much of what they have to say concerned the mental processes by which they arrived at their verdict and had the effect of impeaching their verdict. That, we must assume, the trial court properly disregarded. It was its duty to do so. Mrs. Bairds Bread Co. et al. v. Hearn, 157 Tex. 159, 300 S.W.2d 646; Moore v. Orgain, Tex.Civ.App., 291 S.W. 583 (writ refused); Trousdale v. Texas & New Orleans Railroad Co., 154 Tex. 231, 276 S.W.2d 242. Much of the testimony also conflicted with that of Juror Barnes and the trial court was the judge of the credibility of the juror witnesses.

When all conflicts in the testimony given upon material issues are resolved in favor of the verdict we believe it would be found that statements and arguments of Juror Barnes amounted to nothing more than the arguments of an opinionated juror who believed strongly in his position from the evidence introduced. On voir dire examination of the jury panel Juror Barnes testified that he was in the real estate business; that he had subdivided a lot of property; that he had formed opinions about the effect of electric transmission lines upon property adjacent thereto; and that those opinions were not detrimental to plaintiff's case, but did not prejudice him in any way. After such statements he was accepted as a juror. Our Supreme Court has held that jurors in weighing evidence before them have a right to use their common knowledge and experience in life. Otherwise, there could not be a free discussion of the evidence in the jury room. Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62 (syl. 4, page 64); Motley et al. v. Mielsch, 145 Tex. 557, 200 S.W. 2d 622. The fact that one or two jurors had more persuasive power in arguing their points of difference on the amount of damages than others with opposite views should not be sufficient grounds to send this case back for another trial. Accordingly, the judgment of the trial court is affirmed.