## SWAIM et ux. v. TEASLEY et al.
### No. 15351.

Court of Civil Appeals of Texas.
Fort Worth.
May 30, 1952.

McLean & McLean, Guy T. Buell, Frank Ogilvie and Green & Byron, all of Fort Worth, for appellant.

Bryan, Stone, Agerton & Parker, G. W. Parker, Jr., and Walter E. Jordan, all of Fort Worth, for appellee.

RENFRO, Justice.

The appellants, J. R. Swaim and wife, Angie Swaim, sued appellees, Raymond Teasley and Tom Rosser, in a District Court of Tarrant County for injuries sustained while riding as passengers on a bus operated by appellees. From a judgment denying them any recovery, they have appealed on the sole ground of jury misconduct.

In their amended petition, they pleaded that the rear end of the bus became disengaged from the axle thereof, broke down, or in some manner collapsed, and further that the rear spring and other apparatus and mechanical devices holding up and supporting the drive shaft of the bus broke, causing the drive shaft to fall to the ground, or that other mechanical parts and structures of said bus collapsed, and that appellees were negligent in allowing the

bus to be operated in a defective condition. The appellees answered that the spring leaf broke because same suddenly crystallized or because of some latent defect therein; that the bus and springs had been carefully inspected and maintained but the nature of the condition of the spring could not be found by inspection, even in the exercise of a high degree of care.

The first question submitted to the jury inquired if the defendants and their employees, by the exercise of a high degree of care, should or could have discovered the defect in the rear spring of the bus, to which the jury answered "No". After the Court rendered judgment for the appellees, a motion for new trial was filed by appellants, claiming jury misconduct in that, "new testimony was introduced and considered by the jury in that one or more of said jurors related experiences and compared them to the case they were deciding, * * *"

On the hearing on the motion for a new trial, the jurors, Lonnie S. Smith, R. D. Cryer and J. A. Smith, testified as witnesses.

All three testified that on voir dire J. A. Smith made known to the attorneys questioning the panel that he had recently had an accident and stated the nature of same.

Juror Lonnie S. Smith testified that during the deliberations of the jury and after he had voted "Yes" to Issue No. 1, "Mr. Smith (J. A.) was asked about his accident which he had had and he told about it, in which he felt it could—he could not help' it because his car lost control—went out of control and hit a stump over there similar to the accident that he had—the bus company—." The witness further testified that by reason of the personal experience related by J. A. Smith, he was influenced to and did change his vote to "No" on said issue. He admitted that he was cautioned by the foreman and at least one other juror not to consider any personal experience and forget everything except what he had heard from the witness stand.

The witness R. D. Cryer testified that after he had first voted to answer "Yes" to Issue No. 1, J. A. Smith said, " 'I had an accident of about the same thing' and he said he was just driving down the street, a country road, and something happened to his car, something broke and he hit a stump;" that after said statement was made, he voted "No" to Issue No. 1; that he was influenced by and did vote "No" by reason of the personal experiences mentioned in the jury room. He testified that J. A. Smith made mention of his accident only one time, early in the discussion, and followed such statement promptly by the admonition, " 'But that is something that we don't consider in this case.' " Cryer himself called one juror down for "just bringing up something."

The juror J. A. Smith, who had served as foreman of the jury in the trial of the case, testified that while the jury was deliberating, someone said, " 'Smith, you had an accident that was unavoidable. Did you examine your car?' I said, 'No, I didn't examine my car. I always go out and look at my wheels to see if my tires are up, but that is no part of this case and we will not discuss it,' "; that that was as far as the discussion went; that anytime any juror brought up anything not in evidence, he promptly admonished them not to consider it.

The testimony of jurors, Lonnie S. Smith and R. D. Cryer, that they were influenced to vote "No" because of discussions outside the evidence, has no probative force and should not have been admitted. It is not permissible to allow jurors to either preserve or destroy their verdict by testifying to the mental processes by which they reached the same. Sproles Motor Freight Lines v. Long, 140 Tex. 494, 168 S.W.2d 642; City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259; Barrington v. Duncan, 140 Tex. 510, 169 S.W. 2d 462; Price v. Biscoe, 141 Tex. 159, 170 S.W.2d 729.

In order to justify the trial court's granting a new trial on the ground of alleged jury misconduct, (1) such misconduct must be proved; (2) the testimony received, or the communication made, must be material; and (3) it must reasonably appear that probable injury resulted to the complaining party. Rule 327, Texas Rules of Civil Procedure; Crawford v. Detering Co., Tex.

Sup., 237 S.W.2d 615; Menefee v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 181 S.W.2d 287.

When the evidence on the alleged acts of misconduct is conflicting, the trial court's finding, one way or the other, is final and binding on the reviewing court. Barrington v. Duncan, supra; White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200; City of Dallas v. Hutchins, Tex.Civ.App., 226 S.W.2d 155; Airline Motor Coaches v. Cleveland, Tex.Civ.App., 199 S.W.2d 847. In the absence of findings of fact by the trial court on the motion for new trial, the appellate court must presume in support of that ruling that the trial court, in passing upon the evidence of the jurors as witnesses, gave the same the most favorable construction of which it was susceptible and that alleged misconduct did not occur. Menefee v. Gulf, C. & S. F. Ry. Co., supra; Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770. In considering the evidence introduced before the trial court, the testimony of Lonnie Smith that J. A. Smith told about his accident, that he lost control of his car, and that it was similar to the accident that he had (apparently referring to the Bus Company), and the testimony of R. D. Cryer that J. A. Smith said, " 'I had an accident of about the same thing,' " is certainly in conflict with J. A. Smith's testimony that all he said was, " 'No, I didn't examine my car. I always go out and look at my wheels to see if my tires are up.' " The trial court was fully authorized in the exercise of his privilege in weighing the testimony adduced before him on the hearing to accept the version given by J. A. Smith, and it is our duty, in support of that ruling, to presume that he gave the testimony the most favorable consideration of which it was susceptible and that the statements testified to by Lonnie S. Smith and R. D. Cryer were not made.

The appellants did not bring forward a transcript of the testimony adduced on the trial of the case. Therefore, this court has before it no evidence whatsoever showing what caused the mishap to appellees' bus and no showing whatever as to the kind and character and frequency of inspections made by the appellees of the bus and spring prior to the happening of the event. Eliminating the testimony of Lonnie Smith and R. D. Cryer which is in contradiction of the testimony of J. A. Smith, which we must do under the court's presumed findings, the only misconduct before us, if it is misconduct, is the statement of J. A. Smith that he did not examine his car and that he always goes out and looks at his wheels to see if the tires are up. No mention is made of appellees' bus, no description is given of his own accident, hence no comparison made between his accident and the accident which happened to appellees' bus, and there is no evidence that he attempted to induce any juror to vote either way on the issue in question. If the statement of J. A. Smith be misconduct, then it was not of such nature as to require a reversal of the trial court's judgment. The casual mention of an improper matter, followed by prompt rebuke from other jurors, will not call for reversal for misconduct. Texas Motor Coaches v. McKinney, Tex.Civ.App., 186 S.W.2d 714; Sproles Motor Freight Lines, Inc., v. Long, supra; Bradley v. Texas & P. Ry. Co., Tex.Com. App., 1 S.W.2d 861.

Moreover, the trial court had before him the whole record, including the pleadings and all evidence heard on the motion for new trial and the evidence heard on the trial of the case. Manning v. Sunshine Bus Lines, Tex.Civ.App., 205 S.W.2d 636; Prudential Fire Ins. Co. v. United Gas Corp., 145 Tex. 257, 199 S.W.2d 767; Motley v. Mielsch, 145 Tex. 557, 200 S.W.2d 622; Barrington v. Duncan, supra; Rule 327, T.R.C.P. Without the evidence introduced on the trial of the case before us, we can see no conceivable harm resulting to appellants by reason of the statement made by J. A. Smith, especially in view of his prompt admonition not to consider any personal experiences. In our view, no showing is made that the statement made had any natural bearing on the jury's answer to Issue No. 1.

Before we would be justified in reversing this cause, we would have to be convinced that the trial court abused his discretion in overruling the motion for new trial. We are not so convinced.

The judgment of the trial court is affirmed.