**HATCH et al.**

v.

**SALLAS et al.**

No. 4944.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 3, 1953.

Strasburger, Price, Kelton, Miller & Martin, Dallas, J. Robert Liles, Conroe, for appellants.

McClain & Harrell, Conroe, for appellees.

ANDERSON, Justice.

The parties will be referred to as in the trial court, the appellees J. J. Sallas and E. C. Fatheree, as plaintiffs, and the appellants, T. L. Hatch and Harold W. Hatch, as defendants.

Suit was brought by plaintiffs to recover of defendants damages for personal injuries sustained by plaintiffs as a result of a collision between an automobile in which they were riding and a truck-tractor and float-bed trailer that was being operated by defendant Harold W. Hatch. The automobile was owned by plaintiff E. C. Fatheree, and was being operated by him at the time of the collision. Plaintiff J. J. Sallas was merely riding therein as a guest. The truck-tractor and trailer were owned by defendant T. L. Hatch, and he was sued as a principal. That the relationship of master and servant existed between T. L. Hatch and Harold W. Hatch, and that the latter was acting within the course and scope of his employment at the time of the collision, was established without controversy. Trial was to a jury, and on its verdict, judgment was rendered in favor of plaintiff J. J. Sallas and against the defendants (jointly and severally) for the sum of $20,000, and in favor of plaintiff E. C. Fatheree and against the defendants (jointly and severally) for the sum of $8,000.

The collision occurred December 1 1952, in Montgomery County, Texas, on or just slightly west of U. S. Highway 59. Plaintiffs were proceeding to "Mabel's place," which was situated approximately 25 yards west of the highway. In order to arrive there, they had traveled north along Highway 59, and it then became necessary for them to cross from the east to the west side of the highway. Before undertaking to make the crossing, plaintiff Fatheree drove his automobile off the pavement onto the east shoulder of the highway and stopped it, in order that some vehicles that were following him, as well as some that were proceeding in the opposite direction, might pass. After a brief pause he again put his automobile in motion and turned to his left across the highway, toward the west and "Mabel's place." The Hatch vehicle was proceeding south on Highway 59 just before the collision. It was plaintiffs' theory that their automobile had completely cleared the paved portion of the highway before the collision occurred and had either been brought to a stop, or virtually so, in front of "Mabel's place" west of the highway, and that the driver of the Hatch vehicle either swerved it from the paved portion of the highway or permitted it to leave the paved portion of the highway in such a way as to cause the collision and to inflict on each of the plaintiffs severe personal injuries.

In response to special issues the jury found that the driver of the Hatch vehicle "permitted the truck and trailer to leave the paved portion of the highway;" that in so doing he was negligent; and that such negligence was a proximate cause of the

collision. The jury also found that the driver of the Hatch vehicle "failed to make such application of the brakes on his truck as would have been made by a person of ordinary prudence under the same or similar circumstances," and that such failure was a proximate cause of the collision. The sufficiency of the evidence to support these jury findings has not been challenged by appellants. Neither have the damages awarded by the jury and court been challenged as being excessive.

The jury found that plaintiff E. C. Fatheree "was negligent in failing to judge the speed of the vehicles approaching from the north," and that plaintiff J. J. Sallas "failed to keep that lookout that an ordinary prudent man would have kept for his own safety under the same or similar circumstances," but found that neither act of negligence was a proximate cause of the collision.

Appellants rest their appeal on four points of alleged error, all pertaining to alleged jury misconduct. The four points are as follows:

"First Point

"The error of the trial court in failing to grant defendants a new trial because of the misconduct of the jury of injecting insurance coverage by defendants into their deliberations.

"Second Point

"The error of the trial court in failing to grant defendants a new trial because of the misconduct of the jury in considering the attorneys' fees which the plaintiffs would be required to pay their attorneys.

"Third Point

"The error of the trial court in refusing to grant defendants a new trial because of the jury misconduct of juryman Bowman, who related to other jurors during the jury's deliberations his experience in a previous accident and lawsuit.

"Fourth Point

"The error of the trial court in failing and refusing to grant defendants a new trial because of the jury misconduct of juryman Bowman who, during the jury's deliberations, related to other jurors the injuries and result of his injuries received in a prior automobile accident, and exhibited the result of his said injuies to other jurors, and made comparison of the injuries he received with the injuries received by the plaintiffs in the present lawsuit."

The matter of alleged jury misconduct having been set up by defendants in their amended motion for a new trial, a hearing was had thereon, at which nine of the jurors who had participated in the trial of the case testified; and at the conclusion of the hearing the trial court overruled the motion. No findings of fact were either filed by the trial court or requested by the defendants with reference to such hearing.

All of the alleged misconduct was attributed to one juror, H. H. Bowman. He testified upon the hearing; and in respect to the alleged misconduct that constitutes the basis of appellants' foregoing points two through four, denied that he did and said the things he was alleged to have done and said. Despite the fact that it is to be inferred from the testimony of the two jurors who testified to the alleged acts and statements now under discussion that those acts and statements transpired in the presence of the combined jury, six other of the jurors testified that they neither saw nor heard them. A fact issue was thus presented for the trial court's determination as to whether or not the things alleged to have transpired and to constitute misconduct actually occurred. We must presume in favor of the trial court's ruling that the trial court found that they did not; and since such finding is, in our opinion, supported by the evidence, it is binding on this court. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Menefee v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 181 S.W.2d 287, ref. w. m.; Humphreys v. Gribble, Tex.Civ.App., 227 S.W.2d 235, ref. n. r. e.; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462. Appellants' points two, three and four are therefore overruled.

■ It is not disputed that the juror Bowman made some reference to insurance upon one occasion during the jury's deliberations. The jurors who testified upon the hearing were not in accord as to just what he said, but were in accord that the foreman of the jury checked the juror Bowman immediately upon the latter's having mentioned insurance, and admonished him to the effect that it was a matter which the jury could not discuss or consider in arriving at their verdict. One or more of the other jurors testified to having done the same thing almost simultaneously with the foreman. The juror Bowman's testimony regarding his mention of insurance was as follows: "I believe I said 'that insurance lawyer' and that is when he [the foreman of the jury] stopped me." Another of the jurors testified: "I heard one of them say —well, he asked the question about reckon they had insurance, and the foreman of the jury, he turned around and said, 'You are not allowed to ask such questions.'" Most of the jurors who testified professed not to recall exactly what was said about insurance, but were agreed that there had been a mere mention of it, and no discussion. The testimony of the juror Abney is representative: "Q. Can you tell us what mention he made of insurance? A. No, sir; I can not. It is a vague matter with me. I do know that he started to talk about insurance, and it was hushed up quickly, and I paid no attention to it. Q. Who hushed him? A. Mr. Haley [the foreman] and myself, and I think there was several, two or three, others of the jurors. We all joined in to say we should not mention that."

The juror Bowman had himself previously been in an automobile accident and had been the plaintiff in a suit which grew out of it. He had been represented by the same attorneys who represent the plaintiffs in the case at bar. One of the attorneys who participated in the trial of the case at bar as an attorney for the defendants, represented the defendant in some phases of Bowman's case. These matters were brought out by the attorneys themselves at the time the juror Bowman was being examined on voir dire as a prospective juror.

■ The evidence heard by the trial court on the motion for new trial must be construed in the light most favorable to that court's ruling on the motion. We must presume, therefore, that the trial court found that such comment as may have been made about insurance was in the least objectionable form testified to by the witnesses; that there was no discussion of the matter; that the juror who mentioned it was promptly rebuked; and that there was no further comment on the subject. In these circumstances, and upon consideration of the record as a whole and of the evidence heard on both the trial of the case and the motion for new trial, we are not in a position to say that in reasonable probability injury resulted to defendants from the misconduct which occurred. The misconduct, therefore, does not call for a reversal of the case. Rule 327, Texas Rules of Civil Procedure; Barrington v. Duncan, supra. It seems to be now well established that a mere casual mention of insurance, without discussion, followed by a prompt rebuke from a fellow juror, does not require a reversal for misconduct. Sproles Motor Freight Lines v. Long, 140 Tex. 494, 168 S.W.2d 642; McCullough Box & Crate Co. v. Liles, Tex.Civ.App., 162 S.W.2d 1055, wr. ref. w. m.; Texas Motor Coaches v. McKinney, Tex.Civ.App., 186 S.W.2d 714; Stotts v. Love, Tex.Civ.App., 184 S.W.2d 308, wr. ref. w. m. Appellants' first point is therefore overruled.

No error appearing, the judgment of the trial court is affirmed.