Taft GRADY et ux., Appellants,

v.

DALLAS RAILWAY & TERMINAL COMPANY, Appellee.

No. 6397.

Court of Civil Appeals of Texas.

Amarillo.

May 3, 1954.

Rehearing Denied June 7, 1954.

Helen M. Viglini, Dallas, for appellant.

Burford, Ryburn, Hinchs & Ford, Clarence A. Guittard, Dallas, for appellee.

MARTIN, Justice.

Appellant, Taft Grady, and wife, Lena Mae Grady, plaintiffs in the trial court, sued appellee, Dallas Railway & Terminal Company, for damages in amount $15,491, alleging that while Lena Mae Grady was a paid passenger on one of defendant's buses, said bus stopped suddenly with a lurch and jerk throwing Lena Mae Grady against metal and other parts of said bus injuring her. The jury in the cause found that appellee's bus driver stopped the bus with a jerk but that such act was not negligence, that appellant, Lena Mae Grady's injuries were the result of an unavoidable accident and further found that she was damaged in the sum of $1,310. The trial court entered judgment for the appellee and appellant perfected this appeal presenting eight points of error. In equalizing the dockets of the various Courts of Civil Appeals, the cause was transferred from the Dallas Court of Civil Appeals to this court.

Appellants' Points 1, 2, and 8 assert that the jury's finding that appellee's driver was not negligent is against the great weight and preponderance of the evidence and that there is no evidence to support such finding. The evidence supporting the jury verdict will not be stated in detail but it is undisputed that the bus driver was driving about 12 to 15 miles per hour when flagged down by a pedestrian who was across the street from the usual bus stop. The driver brought the bus to a stop at a distance of 75 feet and none of the passengers were thrown out of the seats of the bus. No accidents or injuries were reported to the bus driver after he made this stop. The record further discloses that appellant had other ailments which she sought to attribute to the stop-

ping of the bus but which were wholly unrelated to the alleged accident, e. q., ectopic pregnancy. There is evidence to support the jury verdict that appellee's driver was not negligent in the manner in which he stopped the bus and such finding of the jury is not against the great weight and preponderance of the evidence. Appellants' Points 1, 2, and 8 are overruled.

■ Appellants' Point 3 asserts that the court erred in submitting Special Issue No. 4 as to unavoidable accident. Appellants' Point 4 asserts that there is no evidence to support the jury finding of unavoidable accident. Point 6 asserts that the jury finding that appellant's injuries were the result of an unavoidable accident was against the great weight and preponderance of the evidence but this point has not been briefed and is waived. It is noteworthy that appellant makes no contention that the jury finding of unavoidable accident was in any manner tinged with jury misconduct. In view of the fact that the record establishes that appellant's injury was not caused by any negligence on the part of the appellant, Lena Mae Grady, and also establishes, as found by the jury, that such injury was not caused by any negligence on the part of appellee's driver, appellant's testimony as to her injury is some evidence that the same was caused by something other than the negligence of the parties. At least, in submitting the issue of unavoidable accident, the court did not commit error of such a nature as to cause any harm to appellant. Such submission, if not required under the evidence, became immaterial when the defendant was found not to be negligent. Price v. Leon, Tex. Civ.App., 202 S.W.2d 309. Appellants' Points 3, 4, and 6 are overruled

■ Appellants' Point 5 has not been briefed but asserts the evidence is insufficient to support the jury's answer to Special Issue No. 5 finding that appellant was damaged in the amount of $1,310. It does not appear that appellant should complain that the evidence is insufficient to support a finding as to the amount of her damage. But, under the jury finding that appellee's driver was not negligent and their further finding that appellant's injuries were the result of an unavoidable accident, the jury finding as to the amount of appellant's damage became immaterial.

■ Appellants' Point 7 asserts that this case should be reversed because of misconduct of the jury. An examination of the record as to appellant's presentation of this point of error reveals that her complaint resolves itself into the contention that some members of the jury sought to answer the issue as to negligence of appellee's driver in such a manner as to award appellant damages in the sum of $1,310 but were unsuccessful in this due to error of certain members of the jury in attempting to carry out their design. It is not a sound principle of law that appellant may obtain a reversal of a judgment favorable to appellee on the theory that she would have obtained a verdict through jury misconduct if some members of the jury had not erred in carrying out the plan of misconduct. But, aside from this proposition, the controlling point here is that evidence on the issue of misconduct was heard by the trial court and the court found on contradictory evidence that the alleged misconduct did not occur. This court is bound by those findings. Trousdale v. Texas & N. O. R. Co., Tex.Civ.App., 264 S.W.2d 489, Syl. 10; Barrington v. Duncan, 140 Tex. 510, 516, 169 S.W.2d 462; Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62. Further, appellants' cause of action is concluded by the jury finding of unavoidable accident and appellant makes no contention that this finding was the result of any jury misconduct. Appellants' Point 7 is overruled.

The judgment of the trial court is affirmed.