**ST. PAUL–MERCURY INDEMNITY CO.,**
Appellant,

v.

**Ennis Lee BEARFIELD, Appellee.**

No. 3416.

Court of Civil Appeals of Texas.

Waco.

Dec. 20, 1956.

Rehearing Denied Jan. 10, 1957.

Stofer, Proctor, Houchins & Anderson, Victoria, for appellant.

Jean Day, Port Lavaca, for appellee.

McDONALD, Chief Justice.

This is a Workmen's Compensation case. On this appeal we are concerned, however, only with the question of alleged jury misconduct. Parties will be referred to as in the Trial Court. Plaintiff Bearfield filed this suit against the defendant insurance carrier for injuries compensable under the Workmen's Compensation Law. Trial was to a jury, which, in answer to Special Issues, found:

1) Plaintiff suffered an accidental injury.

2) Such injury produced incapacity.

3) Such incapacity was total.

4) Such incapacity commenced on 9 June 1955.

5) Such total incapacity was temporary.

6) Such temporary duration was for 261 weeks.

Issues 7, 8, 9, 10 and 11 referred to partial incapacity and were unanswered. Issue 12 found that hardship would result unless plaintiff be paid in a lump sum rather than in weekly installments.

Based on the foregoing verdict the Trial Court rendered judgment for plaintiff for 261 weeks compensation at $24 per week. Defendant Insurance Company filed motion and amended motion for a new trial based on alleged jury misconduct. After hearing, the Trial Court overruled such motions, and upon request filed Findings of Fact and Conclusions of Law as follows:

"Findings of Fact

"1) After this cause had been submitted on Special Issues to the jury, the jury retired to their room and started their deliberations. The jury promptly answered "Yes" to Issues 1, 2 and 3, and in answer to Issue 4 promptly answered "June 9, 1955." In answer to Issue 3, they found that plaintiff suffered total incapacity as a result of his injury. When the jury reached Issue 5, there was considerable difference of opinion as to whether said total incapacity was *temporary* or *permanent,* and there was also considerable difference of opinion as to the duration of such total incapacity. They then proceeded to discuss the remaining issues before coming back to Issue 6 and Issue 5. The plaintiff's petition which had been read to the jury alleged that the amount for which plaintiff was suing was $25 per week for 401 weeks. In their discussions the jury used this period of 401 weeks as the basis for permanent recovery, and after much discussion unanimously determined that plaintiff was entitled to recovery of total incapacity for a period of 65% of said permanent period of 401 weeks, and they thereupon unanimously an-

swered Issue 6 that the duration of said total incapacity was 261 weeks, and in No. 5 that plaintiff's total incapacity was temporary.

"2) Prior to the jury's agreement upon the answer to Issues 5 and 6, juror Sparks stated in the presence of some of the jurors a personal experience of his with reference to medical expenses incurred by him in behalf of his son. Promptly at the time he made his first statement about said personal experience the foreman of the jury censured him and stated that they were not to take into consideration any matter not admitted in evidence and that they should not consider the remarks of juror Sparks or any other matter not in evidence. Thereafter, no one made any further reference to said remark and it did not affect the verdict of the jury.

"Conclusions of Law

"1) There was no prejudice affecting the verdict of the jury in the manner in which the jurors arrived at their answers to Issues 5 and 6 or in the manner in which they arrived at their answers to any of the Special Issues. The defendant was not prejudiced by reason of a discussion in the jury room with reference to the manner in which the answers to Issues 6 or 5 were arrived at.

"2) There was no prejudicial error affecting the verdict of the jury in the remark of juror Sparks, particularly when the action of the foreman of the jury in censuring said juror and in restricting the deliberations to the evidence is considered."

Defendant appeals, contending that: 1) The manner in which the jury arrived at their answers to Issues 5 and 6 constitutes such prejudicial misconduct as to require a new trial. 2) The remark of juror Sparks constitutes such prejudicial misconduct as to require a new trial.

■ In order to justify the Trial Court's granting of a new trial on the ground of alleged jury misconduct: 1) such misconduct must be proved; 2) the testimony received or the communication made must be material; 3) it must reasonably appear that probable injury resulted to the complaining party. Rule 327, Texas Rules of Civil Procedure; Crawford v. Detering Co., 150 Tex. 140, 237 S.W.2d 615; Menefee v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 181 S.W.2d 287; Swaim v. Teasley, Tex. Civ.App., 249 S.W.2d 674.

■ Whether or not misconduct of jury occurred is a question of fact, and when the evidence on the alleged acts of misconduct is conflicting the Trial Court's finding is final and binding on the reviewing court. White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200. Since the Trial Court filed Findings of Fact, and since a careful review of the record reflects that such facts are supported by the evidence, such findings are binding on this court.

■ Whether the matters complained of be harmful and whether injury resulted therefrom is a question of law for the court. Under Rule 327, T.R.C.P., the party asserting misconduct has the burden of proving that the alleged misconduct occurred, and also of showing that such misconduct probably resulted in injury to him. Vol. 7 Tex. Jur. 10 Yr.Supp., p. 581, Sec. 51a.

■ In determining whether probable injury resulted to the movant, the court will examine the entire record in the case, including the pleadings, and all evidence heard on the motion for a new trial and that heard on the main trial.

■ Reverting to defendant's first contention—we have very carefully examined the record in this case and conclude that the manner in which the jury arrived at and answered Issues 5 and 6 is not such prejudicial misconduct as to require a new trial.

We come now to the remark of juror Sparks with reference to a personal experience relative to medical expenses incurred by him for his son. The Trial Court found and the record reflects that the foreman censured juror Sparks and told the jury that they were not to take into consideration any remark of juror Sparks or any other matter not in evidence, and that thereafter there was no further reference to such remark. The evidence shows and the Trial Court found that such remark was a casual passing remark; that the foreman promptly admonished the jury; and that such prejudicial error was not shown as to require a new trial.

■■ A slight reference to an improper matter by a juror is not such misconduct as to necessitate a reversal, and this is especially true where the offending juror was promptly rebuked by other jurors. White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200; Walker v. Thompson, Tex.Civ.App., 287 S.W.2d 556 (Writ Ref. NRE); Swaim v. Teasley, Tex.Civ.App., 249 S.W.2d 674; Davis v. Younger Bros., Tex.Civ.App., 260 S.W.2d 637 (Writ Ref. NRE); Hatch v. Sallas, Tex.Civ.App., 263 S.W.2d 610; Sproles Motor Freight Lines v. Long, 140 Tex. 494, 168 S.W.2d 642.

After a careful examination of the entire record we conclude that the alleged jury misconduct complained of was not material and that it does not reasonably appear that probable injury has resulted to defendant. Moreover, we cannot say that the Trial Judge abused his discretion in overruling motion for new trial. It follows that the judgment of the Trial Court is Affirmed.

HALE, J., not participating.