M. H. HOLLINGSWORTH et al., Appellants,

v.

Frank WILLIAMSON et al., Appellees.

No. 3403.

Court of Civil Appeals of Texas.

Waco.

Jan. 24, 1957.

Rehearing Denied March 28, 1957.

**196**

Harold Alberts, Corpus Christi, for appellants.

Anderson & Porter, Charles R. Porter, Jr., Corpus Christi, for appellees.

McDONALD, Chief Justice.

This is a suit to establish an easement by prescription. Parties will be referred to as in the Trial Court.

his tenant Stephens to establish an easement by prescription over the west 25 feet of Lots 1 and 2 and a strip of land 10 feet wide and 20 feet in length on the southwest corner of Lot 3. The issues in the case were joined on plaintiff's right to an exclusive prescription easement over such property. Defendant Kuemmel had a lease of such property from the other defendants and erected a gate across the entrance

SCHEMATIC DIAGRAM

Plaintiff Hollingsworth owns the north one-half of Lot 11 and the building thereon. Defendants Williamson et al. own Lots 1 through 6, and are located just east of Lot 11. Defendant Kuemmel owns the north one-half of Lot 10. This suit was instituted by plaintiff Hollingsworth and

thereto. Plaintiff thereupon filed this lawsuit.

Trial was to a jury, which, in answer to special issues, found:

1) Plaintiff and/or his predecessors in title, personally or through tenants, have *not* used the roadway continuously and uninterruptedly for any 10-year period.

2) Plaintiff and/or his predecessors in title, or their tenants' use of the property was *not* open, visible and notorious for any 10-year period.

3) Plaintiff and/or his predecessors in title, or their tenants' use of the roadway was *not* adverse and hostile to the owners of Lots 1, 2 and 3 for 10 years.

4) Plaintiff and/or his predecessors in title, or their tenants' use of the roadway was *not* under a claim of right for 10 years.

5) Plaintiff and/or his predecessors in title, or their tenants' use of the roadway was *not* exclusive and inconsistent with the use of the owners of Lots 1, 2 and 3 for any 10-year period.

6) The roadway was *not* used and traveled by the public in general.

7) Lots 1, 2 and 3 were unimproved and unenclosed during the period involved.

8) The roadway was *not* in one location without material change for any 10-year period.

9) The owners of Lots 1, 2 and 3 exercised dominion and control over the entire area of Lots 1, 2 and 3.

Based on such findings the Trial Court entered judgment for defendants and found that no easement exists over and across Lots 1, 2 and 3.

Plaintiff appeals, contending: 1) That the evidence is uncontradicted that plaintiff and his predecessors in title held the contended for roadway adversely, openly, notoriously and exclusively under a claim of right from 1927 to 1937, and also from 1935 to 1945, as well as other 10-year periods, and that there is no evidence to support the findings of the jury on the issues. 2) That the jury was guilty of numerous acts of prejudice toward plaintiff and of misconduct.

■ Reverting to plaintiff's 1st contention—that the evidence is uncontradicted that plaintiff and those under whom he

claims held the contended for roadway adversely, openly, notoriously and exclusively under a claim of right for various 10-year periods, and further that there is no evidence to support the findings of the jury on the issues—15B Tex.Jur., Sec. 51, page 317, expresses the rule in cases involving easements by prescription as follows:

*"The burden of proving an easement is upon the* party claiming it * * * to establish all the necessary facts upon which the right may be presumed in his favor, and failure to make such proof is fatal. Thus where an easement is claimed by prescription it is necessary to show open and peaceable possession for the full period required, with at least the implied acquiescence of the owner, and that the use and enjoyment of the right have been exclusive, uninterrupted and continuous under a claim of right adversely to the owner of the fee. The claim to the easement cannot be maintained if there is a failure to establish any of these essential elements by a preponderance of the evidence."

■ The rule is further well expressed in Maricle v. Hines, Tex.Civ.App., 247 S.W.2d 611, 612, (no writ history) wherein the court said:

"The authorities are uniform that a prescriptive right is not favored by the law but all elements of use and enjoyment must concur and be shown in order to create an easement by prescription.

*   *   *   *   *   *

"For a prescriptive right to be successfully asserted, it must be shown that the use * * * was open and notorious, that it was with the knowledge of the owner of the servient estate, and that it was hostile, adverse, uninterrupted, exclusive and continuous for a period of more than ten years. A failure to prove any one of the essential elements is fatal. Mere

user alone will not create an easement. Bretzke v. Gode, Tex.Civ.App., 289 S.W. 111; Williams v. Kuykendall, Tex.Civ.App., 151 S.W. 629."

Further, the evidence of adverse possession must be clear and positive, and should be strictly construed. Callan v. Walters, Tex.Civ.App., 190 S.W. 829.

In our opinion the record in this case (consisting of some 1242 pages of transcript of testimony) amply supports the findings of the jury. Plaintiff Hollingsworth himself testified that he never made any statement that the easement was exclusively his easement or his property; further that he was in doubt as to just what area he was claiming. It is our further opinion that plaintiff's use of the roadway, under the evidence, could not have been adverse and hostile to defendants. There were no improvements on Lots 1, 2 or 3 until 1950 or 1951. The owners of Lots 1, 2 and 3 used the roadway in question in much the same manner and fashion as did plaintiffs, as indeed did many others. Under these facts the plaintiff's use could not have been hostile to the owners of the property. Williams v. Kuykendall, Tex. Civ.App., 151 S.W. 629; Othen v. Rosier, 148 Tex. 485, 226 S.W.2d 622; Gill v. Pringle, Tex.Civ.App., 224 S.W.2d 525 (writ refused).

We come now to plaintiff's contention that the jury were guilty of acts of bias and prejudice toward plaintiff and of other acts of misconduct. Plaintiff details some six items of alleged jury misconduct: 1) That one of the jurors remarked that one of plaintiff's witnesses was a "damned liar"; 2) that one of the jurors called plaintiff a crook; 3) that one of the jurors stated that plaintiff would probably build a building on the land in question; 4) that one of the jurors stated to defendant during the trial that "he should not worry; that he would not lose his land;" 5) that one of the jurors was a "good friend" of defendant; 6) that one of the jurors

stated in the jury room that she owned a number of acres of land that had a road through it, and that she could close the road any time she wanted to. All of the foregoing items of alleged jury bias and prejudice and misconduct were raised on motion for new trial. The Trial Court heard the motion for new trial (some 219 pages of testimony) and overruled same. No findings of fact or conclusions of law were filed by the Trial Court; therefore we must conclude that the Trial Court found that either the alleged misconduct did not occur, or else that it was not material or that it did not reasonably appear that probable injury resulted to the complaining party.

In order to justify the Trial Court to grant a new trial on the ground of alleged jury misconduct: 1) such misconduct must be proved; 2) the testimony received or the communication made must be material; 3) it must reasonably appear that probable injury resulted to the complaining party. Rule 327, Texas Rules of Civil Procedure; Crawford v. Detering Co., 150 Tex. 140, 237 S.W.2d 615; Menefee v. Gulf, C. & S. F. Ry. Co, Tex.Civ. App., 181 S.W.2d 287; Swaim v. Teasley, Tex.Civ.App., 249 S.W.2d 674; St. Paul Mercury Ind. Co. v. Bearfield, Tex.Civ. App., 296 S.W.2d 956.

Whether or nor misconduct of a jury occurred is a question of fact, and when the evidence on the alleged act of misconduct is conflicting the Trial Court's finding is final and binding on the reviewing court. White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200.

Whether the matters complained of be harmful and whether injury resulted therefrom is a question of law for the court. Under Rule 327, T.R.C.P., the party asserting misconduct has the burden of proving that the alleged misconduct occurred, and also of showing that such misconduct probably resulted in injury to

him. Vol. 7 Tex.Jur. 10 Yr.Supp., p. 581, Sec. 51a.

▮ In determining whether probable injury resulted to the movant, the court will examine the entire record in the case, including the pleadings, and all evidence heard on the motion for new trial as well as that heard on the trial of the case in the main.

▮ After a careful examination of the entire record we conclude that the alleged jury misconduct complained of was not material (even if we assume that it occurred), and further, that it does not reasonably appear that probable injury has resulted to plaintiffs. Moreover, we cannot say that the Trial Judge abused his discretion in overruling motion for new trial.

All of plaintiff's points and the contentions raised thereunder have been carefully considered and are overruled. It follows that the judgment of the Trial Court is affirmed.