Peggy Tinch GRAY et vir, Appellants,

v.

J. D. BURROUGHS, Appellee.

No. 13071.

Court of Civil Appeals of Texas.

Galveston.

Jan. 31, 1957.

Rehearing Denied Feb. 28, 1957.

Young, Young & Daggett and Andrew C. Brown, Houston, for appellants.

Sam W. Davis, Houston, for appellee.

HAMBLEN, Chief Justice.

Appellants instituted this suit in the District Court of Harris County to recover damages for personal injuries alleged to have been sustained when appellant Peggy Tinch Gray fell from a foot bridge located on property belonging to appellee and known as Magnolia Gardens Park. Appellants alleged that appellee was guilty of negligence proximately causing Mrs. Gray's injuries in failing to provide a handrail on such bridge. Appellee pled contributory negligence and alternatively alleged that her injuries were solely caused by a new and intervening cause in the person of three "juvenile punks" who pushed her from the foot bridge. In response to special issues submitted, the jury found: (1) that appellee was negligent in failing to erect a handrail on the bridge; (2) that such negligence was not a proximate cause of appellant's injuries; (3) that appellant was not guilty of contributory negligence; (4) that appellant's injuries were proximately caused solely by the act of three "juvenile punks," and, (5) that appellant suffered damages in the sum of $1,500. On such verdict judgment was entered that appellant take nothing.

Appellants filed a motion for a new trial based upon alleged misconduct on the part of the jury. This appeal is from the order of the trial court in overruling such motion. In three points of error appellants contend that a new trial should have been granted because the jury (1) considered the special issues submitted to them conjunctively together and in relation one to the other, contrary to Rule 277, Texas Rules of Civil Procedure, (2) considered the legal effect of their answers to the special issues, contrary to Rule 290, T.R. C.P., and, (3) intended during and after deliberations to render a verdict for appellants and formulated their answers in an attempt to carry out that intention.

Appellants' complaint resolves itself into the contention that some members of the jury sought to answer the issues in such a manner as to award appellants damages in the sum of $1,500, but were unsuccessful in this due to error of certain members of the jury in attempting to carry out their design. Doubt has been expressed as to whether or not under such contention, even if factually true, appellants are entitled to a new trial. In

Grady v. Dallas Railway & Terminal Co., Tex.Civ.App., 278 S.W.2d 282, 284, for instance, the following language is used: "It is not a sound principle of law that appellant may obtain a reversal of a judgment favorable to appellee on the theory that she would have obtained a verdict through jury misconduct if some members of the jury had not erred in carrying out the plan of misconduct." However, in Bradshaw v. Abrams, Tex.Com.App., 24 S.W.2d 372, under facts legally analogous to those asserted by appellants here, the Commission of Appeals held that the trial court erred in refusing a motion for a new trial. That case was decided prior to the effective date of Rule 327, T.R.C.P., which Rule has been held to abolish the prior rule of reasonable doubt, and to substitute therefor a Rule which imposes upon the party asserting misconduct the burden not only of proving by a preponderance of the evidence that misconduct occurred, but also of showing that such misconduct probably resulted in injury to him. Barrington v. Duncan, 146 Tex. 510, 169 S.W. 2d 462. We find it unnecessary to decide whether the decision in Bradshaw v. Abrams, supra, might have been different if decided in the light of Rule 327, T.R.C.P. We overrule appellants' points of error because upon careful examination we find the record to be conflicting upon the question of whether the misconduct complained of in fact occurred. The evidence was heard by the trial court, and it must be presumed in support of the order overruling the motion for a new trial that that court found that the alleged misconduct did not occur. Trousdale v. Texas & N. O. R. Co., Tex.Civ.App., 264 S.W.2d 489; Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62; Barrington v. Duncan, supra; Grady v. Dallas Railway & Terminal Co., supra; Bradshaw v. Abrams, supra.

■ To quote at length from the testimony of the jurors, heard upon the motion for new trial, would unduly extend this opinion. It is true that under direct examination by appellants' counsel several of the jurors testified to facts which tend to support a conclusion that the acts of misconduct complained of by appellants did occur. But under cross-examination these same jurors testified that each issue decided by the jury was answered solely upon the evidence heard during the trial of the cause and without regard to the legal effect of the answer. We understand it to be exclusively the function of the trial court to resolve such conflicts in testimony; but of even more compelling importance, so far as this appeal is concerned, we find the record to contain no evidence of any mutual agreement, concerted action, or other overt act on the part of any one or more of the jurors examined. The testimony, even when construed most favorably to appellants' contentions, reflects nothing more than the mental processes of the individual jurors in reaching the verdict which was returned. It is not permissible to permit a juror to preserve or destroy his verdict by testifying to the mental processes by which he reached the same. Sproles Motor Freight Lines, Inc., v. Long, 140 Tex. 494, 168 S.W.2d 642; Barrington v. Duncan, supra.

It is ordered that the judgment of the trial court be affirmed.

Affirmed.

GANNON, J., not sitting.