**CITY OF CLEBURNE, Texas, Appellant,**

v.

**H. C. HEATH et al., Appellees.**

No. 3478.

Court of Civil Appeals of Texas.

Waco.

July 3, 1957.

James & Mahanay, J. N. Bauldwin, Cleburne, for appellant.

Walker, Baker & Altaras, Cleburne, for appellees.

HALE, Justice.

This is a condemnation case. It was agreed on the trial that appellant, in the exercise of its power of eminent domain, was entitled to take the strip of ground belonging to appellees for the purpose of widening the street upon which the property abutted. In response to special issues, the jury found (1) the reasonable cash market value of the strip of ground taken in condemnation was $275, (2) the value of the remaining property belonging to appellees was $12,500 immediately before the taking in condemnation and (3) the value of the property after the condemnation was $10,708. Based upon the verdict of the jury, the court rendered judgment in favor of appellees for the sum of $2,067, and hence this appeal.

Appellant says in effect that the judgment should be reversed because the jury was guilty of misconduct in that the answer to Special Issue No. 3 was the result of chance, it being arrived at by a quotient method, and the jury attempted to return and did return a general verdict as distinguished from a special issue verdict in the case. Appellant also says the answer to Issue No. 3 was made under duress of the fact that a close relative of one of the jurors was seriously ill, which duress compelled some of the jurors to agree to the answer to said issue which they would not have done but for such duress.

In passing upon the question of jury misconduct, we should bear in mind that before a new trial can properly be granted on that ground, it must be proved on the hearing of the motion for new trial that material misconduct actually occurred and it must appear from the evidence "both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party." Rule 327, Texas Rules of Civil Procedure; Hollingsworth v. Williamson, Tex.Civ.App., 300 S.W.2d 194 (er. ref. n. r. e.) ; Crawford v. Detering Co., 150 Tex. 140, 237 S.W.2d 615; Menefee v. Gulf C. & S. F. Ry. Co., Tex.Civ.App., 181 S.W.2d 287; Swaim v. Teasley, Tex. Civ.App., 249 S.W.2d 674; St. Paul-Mercury Ind. Co. v. Bearfield, Tex.Civ. App., 296 S.W.2d 956.

Appellant has failed to bring up a statement of facts showing all or any part of

the evidence that was introduced during the trial of the case on its merits, and consequently we do not know, from the partial record before us, what facts were before the jurors as a basis for their verdict. On the hearing of appellant's motion for new trial, three of the jurors who sat in the case testified in substance that the jurors agreed prior to the time they arrived at an answer to Issue No. 3 that each juror would write out on a slip of paper the amount he thought the answer to such issue should be; that the amount of each of the twelve jurors would then be added up and the result thereof divided by twelve, and the quotient thus arrived at would constitute the answer of the jury to such issue; and that as a result of such prior agreement and the proceedings had in pursuance thereof, the jury returned $10,708 as the answer to said Issue No. 3. On the other hand, six of the jurors testified in effect that during the deliberations of the jury it was suggested that each member of the jury panel write down on a slip of paper the amount he thought should constitute the answer to Issue No. 3; that after such amounts had been written down and read out by the foreman, someone suggested that the amounts thus written down be added together and divided by twelve as a basis for further consideration of the answer to Issue No. 3; and that $10,708 was the result of such proceeding, but the six jurors testified in substance that there was no prior agreement by the jury that the panel would abide by the amount thus arrived at without further consideration, and there was positive and direct testimony to the effect that no such agreement was made by the jury panel.

Pertinent to the alleged jury misconduct with reference to attempting to return a general verdict, appellant says in its brief as follows: "The jury in the instant case decided first how much money they were going to award Mr. and Mrs. Heath, and this was done before the issues were answered, at least before Question No. 3 was answered, which was the key to the amount of damages. Some of the jurors thought there was little or no damage, and some wanted to see Mr. and Mrs. Heath get at least $2,500 clear money, and the jury debated this issue quite at length and were unable to answer this Question No. 3 because they all knew, and it was discussed, that the difference between Question No. 2 and Question No. 3 would be the amount of damage; therefore, they could not arrive at an agreement as to the answer of Question No. 3 because they wanted to answer on the basis that it would give the amount of damages desired. In other words, the verdict was in effect a general verdict, the jurors arriving first at how much money they wanted to award to Heath, and then answering the questions to satisfy their purpose."

The trial court did not file any findings of fact on the issues drawn by the evidence introduced on the hearing of appellant's motion for new trial and therefore we must presume that the court found all issuable facts raised by the evidence in support of his judgment in overruling the motion for new trial. That being the case, we must presume that the trial court found no misconduct on the part of the jury actually occurred during their deliberations while in the jury room. As a matter of fact, there was ample testimony introduced on the hearing of the motion for new trial tending to show that the jurors did not at any time agree on how much money they wanted to award to appellees, either before or after the special issues submitted to them were answered. While some, if not all, of the jurors knew that the difference between their answers to Questions Nos. 2 and 3 would in all reasonable probability constitute the measure of damages recoverable by appellees, other than the value of the strip of ground taken, several of the jurors testified unequivocally on the hearing that it was none of their concern as to how much damages appellees had sustained as a result of the condemnation, it being their duty as jurors simply to answer the questions sub-

mitted to them by the court, and that they had done so throughout their deliberations.

 In order to establish jury misconduct based upon arriving at their verdict by the quotient method, it was necessary for appellant to prove that the jurors agreed in advance of arriving at an answer to Issue No. 3 by that method, to be bound by the results thereof. It was also necessary, in order to establish jury misconduct based upon the attempt to return a general verdict, to show that the jurors decided first how much money they were going to award to appellees as damages and then answer the issues in such way as to carry out their decision as to the amount of damages they wished to award to appellees. Because appellant failed to discharge the burden of proof thus resting upon it to the satisfaction of the trial judge, we do not think the court erred in overruling the motion for new trial, in so far as the alleged misconduct of the jury is concerned. Rule 327, T.R.C.P.; 31 T.J. p. 53; Northern Texas Traction Co. v. Evans, Tex.Civ.App., 152 S.W. 707; Weatherford, M. W. & N. W. Ry. Co. v. Thomas, Tex. Civ.App., 175 S.W. 822 (err. ref.); El Paso Elec. Ry. Co. v. Lee, Tex.Civ.App., 223 S.W. 497 (err. dis.); Karotkin Furniture Co. v. Decker, Tex.Civ.App., 32 S.W.2d 703; Yellow Cab Corp. v. Halford, Tex. Civ.App., 91 S.W.2d 801 (er. dis.); Gray v. Burroughs, Tex.Civ.App., 298 S.W.2d 859; Trouedale v. Texas & N. O. R. Co., Tex. Civ.App., 264 S.W.2d 849; Maryland Cas. Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62; Soap Corp. of America v. Balis, Tex.Civ. App., 223 S.W.2d 957 (er. ref.); Grady v. Dallas Ry. & Term. Co., Tex.Civ.App., 278 S.W.2d 282.

 Furthermore, since the record before us does not contain a statement of facts showing the evidence that was introduced at the trial of the case on its merits, we cannot say it appears from the evidence on the trial of the case and from the record as a whole, that injury probably resulted to appellant, even though the evidence introduced on the motion for rehearing might have

shown conclusively that jury misconduct actually occurred as a matter of law. Gill v. Willis, Tex.Civ.App., 282 S.W.2d 88; Houston Fire & Cas. Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600; Baker v. Rutherford, Tex.Civ.App., 293 S.W.2d 669 (er. ref. n. r. e.).

It was shown on the hearing of the motion for new trial that a close relative of one of the jurors was seriously ill during the time when the jury was deliberating on its verdict in this case, and such juror was anxious for the jury as a whole to complete its deliberations as soon as possible. However, we do not think the distress under which the juror was acting by reason of the illness of her relative constituted such circumstance as to require the trial court, in the exercise of his sound discretion, to grant a new trial on that ground.

Consequently, appellant's points of error are overruled and the judgment appealed from is affirmed.