**Vada McCLENAHAN et al., Appellants,**

v.

**Fred E. BYRUM, Appellee.**

No. 3504.

Court of Civil Appeals of Texas.

Waco.

Nov. 14, 1957.

E. P. Dee, Houston, for appellants.

F. Warren Hicks, James L. Norton, Jr., Houston, for appellee.

McDONALD, Chief Justice.

This is a damage suit brought by Vada McClenahan and husband and Dominic

Lucario, as plaintiffs, against Fred B. Byrum, defendant, for injuries sustained as the result of a collision between the car driven by defendant and the car driven by plaintiff Lucario and in which plaintiff Vada McClenahan was a passenger.

Trial was to a jury which, in answer to special issues, found:

1) Defendant did not operate his car at a speed in excess of 30 miles per hour.

3) Defendant did not operate his car at a greater speed than an ordinarily prudent person would have.

5) Defendant was not faced with a red signal at the time he drove his car into the intersection.

7) Defendant failed to turn his automobile to the right to avoid the collision.

8) Such failure was not negligence.

10) Defendant did not fail to give warning of his approach.

12) Defendant did not fail to keep a proper lookout.

14) Plaintiff did not fail to keep a proper lookout.

17) Plaintiff did not operate his car at a greater rate of speed than prudent under the circumstances.

20) Plaintiff was faced with a red light at the time he drove into the intersection.

21) Plaintiff's driving into the intersection was a proximate cause of the collision.

22) Plaintiff's driving into the intersection was not the sole proximate cause of the collision.

23) Plaintiff did not fail to maintain proper control of his car.

26) Plaintiff failed to apply his brakes as a person of ordinary prudence.

27) Such failure was a proximate cause of the collision.

28) Such failure was not the sole proximate cause of the collision.

29) Plaintiff did not fail to turn his automobile to the left in an effort to avoid the collision.

33-34) Plaintiff Lucario was damaged $200.

35) Plaintiff McClenahan was damaged $1,970.

On the foregoing jury verdict acquitting defendant of negligence and convicting plaintiffs of negligence, the Trial Court entered judgment that plaintiffs take nothing.

Plaintiffs appeal, contending: 1) The jury was guilty of misconduct, which caused, or probably caused, material prejudice to plaintiffs, by discussing whether an insurance company for the defendant would have to pay damages, and whether, if the defendant had to pay same personally, it would take him a lifetime to do so. 2) The jury was guilty of misconduct in answering any issues, in that the jury received new and additional evidence from one of its members as to his personal knowledge of the route traveled by the plaintiff Lucario, and that said Lucario must have run the red light.

The foregoing contentions as to jury misconduct were presented to the Trial Court on motion for new trial, and after a hearing on same the Trial Court overruled the motion for new trial. The appeal to this court is on the transcript and on the statement of facts made on hearing of the motion for new trial. The plaintiffs (appellants) have failed to bring up a statement of facts showing all or any part of the evidence that was introduced during the trial of the case on its merits, and consequently we do not know from the partial record before us, what facts were before the jurors as a basis for their verdict. The record made on hear-

ing of the motion for new trial reflects that one of the jurors, a Mrs. Terry, asked "if there was any insurance in the case"; that another juror, a Mr. Cross, told her "it wasn't an insurance company, it was an individual." Mrs. Terry testified on the motion for new trial that she then thought the suit was against an individual; and that this had an effect on her verdict; that if it had been an insurance company (behind the defendant) she thinks it would have changed her verdict.

The foreman of the jury, a Mr. Hubbard, testified on motion for new trial that one of the ladies on the jury brought up the question of insurance and that he told her that in his opinion, and everybody else agreed, that the jury were not concerned about the insurance angle, and that it didn't make any difference whether either party had a nickel's worth of insurance. Mr. Hubbard further testified that he asked each juror as to their vote on each issue and that Mrs. Terry voted like the others; that Mrs. Terry brought up the insurance question probably a couple of times; that she at first didn't want to answer some issues like they were answered but that the jury discussed the issues more and she agreed with the other jurors.

■ In order to justify the Trial Court's granting of a new trial on the ground of jury misconduct: 1) such misconduct must be proved; 2) the testimony received or communication made must be material; 3) it must reasonably appear that probable injury resulted to the complaining party. Rule 327, Texas Rules of Civil Procedure; Crawford v. Detering Co., 150 Tex. 140, 237 S.W.2d 615; Menefee v. Gulf, C. & S. F. Ry. Co., Tex.Civ.App., 181 S.W.2d 287; Swaim v. Teasley, Tex.Civ.App., 249 S.W.2d 674; St. Paul-Mercury Ind. Co. v. Bearfield, Tex.Civ.App., 296 S.W.2d 956, W/E Ref.NRE; Hollingsworth v. Williamson, Tex.Civ.App., 300 S.W.2d 194, W/E Ref.NRE; City of Cleburne v. Heath, Tex.Civ.App., 304 S.W.2d 417.

■■ Whether the matters complained of be harmful and whether injury probably resulted therefrom is a question of law for the court. Under Rule 327 T.R.C.P. the party asserting misconduct has the burden of proving that the alleged misconduct occurred, and also of showing that such misconduct probably resulted in injury to him. Vol. 7 Tex.Jur. 10 Yr. Supp., p. 581, Sec. 51a; Hollingsworth v. Williamson, Tex.Civ.App., 300 S.W.2d 194, W/E Ref.NRE.

■ The evidence heard by the Trial Court on the motion for new trial must be construed in the light most favorable to the court's ruling on the motion. We must presume therefore, that the Trial Court found that the comments about insurance were in the least objectionable form testified to by the witnesses; that Mrs. Terry, who mentioned the matter, accepted the foreman's explanation that the jury were not to consider the insurance angle. (She voted with the other jurors on all issues). In these circumstances, we are not in a position to say that reasonable probable injury resulted to plaintiffs from the mention of insurance. Moreover, in the case at bar the jury acquitted defendant of *all* acts of contributory negligence inquired about (some five separate acts); and in addition convicted the plaintiffs of negligence on two separate counts. The Trial Judge has considerable latitude in such matters, and only upon clear abuse of discretion should his decision be reversed. See: Hatch v. Sallas, Tex.Civ.App., 263 S.W.2d 610; Martin v. Shell Oil Co., Tex. Civ.App., 262 S.W.2d 564; Hudson v. West Central Drilling Co., Tex.Civ.App., 195 S.W.2d 387, W/E Ref.NRE; Akers v. Epperson, 141 Tex. 189, 171 S.W.2d 483, 156 A.L.R. 1028.

■ In determining whether probable injury resulted to the movant, the court will examine the *entire record* in the case, including the pleadings, and all evidence heard on motion for new trial *as well as*

*that heard on the trial of the case in the main.* Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Hollingsworth v. Williamson, supra.

██ As noted, the record before us does not contain a statement of facts of the trial on the merits, which was plaintiffs' (appellants') duty to bring forward. In this state of the record, we cannot say that it appears *from the evidence on the trial of the case as a whole,* that injury probably resulted to plaintiffs, even though we should take the position that the record on rehearing might have shown that misconduct actually occurred. Gill v. Willis, Tex.Civ.App., 282 S.W.2d 88; Houston Fire & Cas. Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600; Baker v. Rutherford, Tex.Civ.App., 293 S.W.2d 669, W/E Ref. NRE; City of Cleburne v. Heath, Tex.Civ. App., 304 S.W.2d 417, 420; Lackey v. Southland Greyhound Lines, Inc., Tex.Civ. App., 35 S.W.2d 739, 740, W/E Ref. In the Lackey case, supra, the court said, in discussing the question before us:

> "In the absence of a statement of facts, it is impossible to determine if the discussion of the matter of insurance in the jury room constituted misconduct; for such discussion may have been warranted by the evidence."

██ Plaintiffs' second contention is that the jury received new evidence from one of its members, as to his personal knowledge of the route followed by plaintiff (driver) Lucario, and that Lucario must have run the red light. The record before us fails to bear out plaintiffs' contention in this regard, but even if it did, it would go only to the issue as to whether Lucario ran the red light. Lucario was convicted of another count of negligence and defendant was acquitted of all acts of negligence so the contention of error, if true, would be harmless.

It follows that we cannot say that the statement of facts on motion for new trial conclusively shows probable harm or that the Trial Court abused his discretion in not granting plaintiffs a new trial. Further, since plaintiffs did not bring forward a statement of facts on the merits, we cannot say that the record as a whole shows probable harm to plaintiffs. The judgment of the Trial Court is therefore Affirmed.