**J. B. CHADWICK, Appellant,**

v.

**GLENS FALLS INSURANCE COMPANY,**
**Appellee.**

**No. 3768.**

Court of Civil Appeals of Texas.

Waco.

Oct. 13, 1960.

Edwards & Faulkner, Waco, for appellant.

Hilton H. Howell, Naman, Howell, Smith & Chase, Waco, for appellee.

## McDONALD, Chief Justice.

This is a compensation case. Trial was to a jury which answered only one special issue finding that plaintiff had suffered no injury while in the employ of J. W. Rowan Company. The Trial Court entered judgment that plaintiff take nothing. Plaintiff filed motion for new trial which, after hearing, was overruled by the Trial Court. Plaintiff appealed and has caused Transcript and Statement of Facts on Motion for Rehearing to be filed in this court. Plaintiff has not filed Statement of Facts of the trial of the case in the main.

Plaintiff contends that the Trial Court erred in overruling his motion for new trial because of: 1) jury misconduct in discussing plaintiff's criminal convictions; 2) improper argument of defendant's counsel to the jury; 3) admission of certain hearsay evidence; 4) the cumulative effect of the first three errors probably caused the rendition of an improper verdict.

As noted, plaintiff has not brought forward a Statement of Facts of the trial of the cause in the main.

In order to justify a Trial Court to grant a new trial on the ground of alleged jury misconduct: 1) such misconduct must be proved; 2) the testimony received or the matter complained of must be material; 3) it must reasonably appear that probable injury resulted to the complaining party. Rule 327, Texas Rules of Civil Procedure; Crawford v. Detering Co., 150 Tex. 140, 237 S.W.2d 615; St. Paul-Mercury Ind. Co. v. Bearfield, Tex.Civ.App.,

W. E. Ref. N. R. E., 296 S.W.2d 956; Hollingsworth v. Williamson, Tex.Civ.App., W. E. Ref. N. R. E., 300 S.W.2d 194; Lantex Const. Co. v. Lejsal, Tex.Civ.App., W. E. Ref. N. R. E., 315 S.W.2d 177.

Whether or not misconduct of jury occurred is a question of fact, and when the evidence on the alleged acts of misconduct is conflicting, the Trial Court's finding is final and binding on the reviewing Court. White Cabs v. Moore, 146 Tex. 101, 203 S.W.2d 200.

Whether the matters complained of be harmful and whether injury resulted therefrom is a question of law for the court. Under Rule 327, T.R.C.P., the party asserting misconduct has the burden of proving that the alleged misconduct occurred, and also showing that such misconduct probably resulted in injury to him. Vol. 7, Tex.Jur. 10 Yr.Supp., p. 581.

In determining whether probable injury resulted to the movant, the Court will examine the *entire record* in the case, including the pleadings, and all evidence heard on motion for new trial, as well as that heard on the trial of the case in the main.

To justify a reversal on the ground of improper argument two things must appear: 1) the argument is improper; 2) it must be such as to satisfy the reviewing court that it was reasonably calculated to and probably did cause the rendition of an improper judgment in the case, in view of the record as a whole in the case. In this connection, of course, reversal will not be justified where the evidence in the case so preponderates in favor of the jury's verdict that the offending argument could not have changed the result. 4 Tex.Jur.2d p. 589; Lantex Const. Co. v. Lejsal, supra.

Where there is no Statement of Facts, the appellate court cannot determine that either the complained of jury misconduct, argument of counsel, or admission of hearsay testimony probably resulted in the rendition of an improper judgment.

In the absence of a Statement of Facts it must be presumed on appeal that the evidence supports the judgment of the Trial Court. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683; First Nat. Life Ins. Co. v. Herring, Tex.Civ.App., 318 S.W.2d 119. The same rule applies where there is only a partial or an incomplete Statement of Facts. City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860; Baker v. Rutherford, Tex.Civ.App., W. E. Ref. N. R. E., 293 S.W.2d 669.

The burden is on the plaintiff, who complains of the trial court's action, to show from the record as a whole that the errors complained of amount to such a denial of his rights as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case.

Upon consideration of the record before us, and without a complete Statement of Facts, we are unable to say that there is any reversible error shown.

The judgment of the Trial Court is affirmed.